Upon the trial of this issue before the Chief Justice, at the sittings here after this term, the defendant undertook to prove, by parole testimony, that he did duly post,. up, in the town of Princeton, *98 (the place where the testator had his habitancy at the time of his death,) advertisements in due form of law, notifying his appointment to and acceptance of the trust of executor of the last will and testament of the said deceased. The plaintiff objected to the admission of such parole evidence, without producing to the jury one of the original advertisements, or a copy thereof. The chief justice overruled the exception, and admitted the evidence, and directed the jury that the evidence was legal and proper to authorize them to find the issue on trial in favor of the said executor, without the production of such original advertisement, or an original copy thereof.
A verdict being accordingly rendered for the defendant, the action stood continued nisi for the consideration of the said objection ; and at the following March term in Suffolk, the opinion of the Court was delivered to the following effect.
By the statute of 1788, c. 66, § I, it is provided that every executor or administrator, undertaking the trust, shall cause notifications thereof to be posted up, within three months, in the town where the deceased was resident and had his habitancy at the time of his death; and shall give such further notice as the Court of Probate shall direct: “an affidavit of the executor or administrator, made and filed in the same Probate Court, within seven months after undertaking that trust, accompanied with an original notification, * (or a copy thereof,) recorded in the probate office, shall be admitted as evidence of the time, place, and manner notice was given. By § 3, of the same act, no executor or administrator shall be held to answer to the suit of any creditor of his testator or intestate, unless the same shall have been originally commenced within three years (extended to four years by statute of 1791, c. 28) from his giving bond for the faithful discharge of his trust; with certain exceptions, not bearing on the case at bar, provided such executor or administrator shall have given the public notice required by the act.
In the case before us, the defendant proved that he had posted the notifications prescribed by the statute, but it did not appear that he had made and filed an affidavit of such posting in the probate office. This particular provision of the statute was introduced for the convenience of the executor or administrator. Other evidence of the fact may properly be received, and, if satisfactory to the jury, is of the same avail.
Judgment on the verdict.