## BENJAMIN HATHAWAY vs. EZEKIEL O. GOODRICH.

The distinction between the return of a Sheriff on a writ, which he serves; and the return of a collector of taxes on his rate-bill or warrant: The return of the Sheriff is an official act, done under the oath of his office, and deserves credit; but the return of the collector is not an official act, inasmuch as the law does not require him to make a return on his rate-bill, or warrant.

The collector of taxes, who is sued as a trespasser for making distress, may plead specially, and give in evidence his rate-bill, and warrant, and advertisement of the distress for sale; and what these do not prove he may show by parol evidence.

But the Collector's certificates showing the seizure. and sale of the distress for taxes, are not *legal evidence for the Collector*.

This was an action of trespass for taking, and carrying away a *Desk*. Plea the general Issue with notice, as by the declaration and pleadings referred to. The issue being joined, was put to the Court for trial by agreement.

It was admitted that the plaintiff owned the Desk in question; and that the defendant took the same as charged in the declaration. It was also admitted that at the time of said taking, and for several years previous thereto, the defendant was, and had been constable of and collector of taxes in and for the town of Swanton.

The defendant, then gave in evidence sundry tax warrants to him directed, for the collection of State taxes, and other taxes against the inhabitants of said town for several years previous to the year 1827, accompanied with rate bills, and assessments, by which it appeared, that the plaintiff, being an inhabitant of said town, was assessed for several years, and certain sums affixed to his name in the rate bills aforesaid. The defendant proved that in the year 1825, or the beginning of 1826, the plaintiff left the State, and continued absent until some time after the taking of the desk aforesaid. The defendant then offered in evidence a *certificate* signed by him of the *seizure* of said

FRANKLIN,
January,
1833.

Hathaway
vs.
Goodrich.

desk upon sundry taxes, or tax warrants, against the plain-
tiff, dated April 16, 1827 ; also another *certificate* signed by
him of the sale of said desk at public auction to *James
Platt*, he being the highest bidder, for $12,50, at *Swanton*
on the 12th May, 1827 ; also the advertisement of the desk
for sale signed by him, and dated 20th April, 1827, all
which are referred to, as part of the case. To these pa-
pers the plaintiff made several objections, whereupon, the
defendant offered to accompany the same with parol testi-
mony, and thereby to prove the seizure of said desk on the
16th, the advertisement of it on the 20th of April, and the
sale of it on the 12th May, 1827, for the sum of $16,02,
upon the warrants aforesaid, and to satisfy taxes against the
plaintiff, to that amount. This evidence being objected
to, the Court excluded the same, with the certificates and
advertisement aforesaid.

And no further evidence being offered the Court gave
judgement for the plaintiff. And to the several decisions
aforesaid, the defendant excepts—exceptions are allowed,
and execution is staid, and the case ordered to the Su-
preme Court.

The opinion of the Court was delivered by

BAYLIES, J.—In the case of *Gyfford vs. Woodgate*, 11
East. 299, Ld. Ellenborough says " faith is to be given to
the *official act* of a public officer like the Sheriff, even
where third persons are concerned." The law makes the
Sheriff a certifying officer of his own doings upon precepts,
which are put into his hands for service ; therefore his re-
turn, as Sheriff, is conclusive evidence *against himself*, and
it is *prima facie* evidence of the facts certified against third
persons. 2 Phil. Ev. 226 ; 9 John. R. 96.

But where an officer is not required by law to certify
his doings, and he makes a certificate, what credit is to
be given it? This question *seems* to be answered by the
decision of the Supreme Court, in the case of *Davis vs.
Clements*, 2 N. H. 390. In that case, the plaintiff brought
*action of trespass* against defendant for taking plaintiff's
steers. Defendant pleaded in bar, he was surveyor of
highways, and took the steers as a distress for non pay-
ment of highway taxes. Plaintiff replied, that the defen-

dant of his own wrong &c. took the steers, with a conclusion to the country, and issue was joined. On trial by jury, it appeared in evidence, that the defendant was duly chosen surveyor of highways in Alton for the year 1816 and had in his hands for collection highway taxes against the plaintiff, and a warrant to collect the same; and to prove his proceedings in distraining the steers to be regular, he gave in evidence *his certified return of his doings indorsed on said warrant.*

Richardson, J. C. in giving the opinion of the Court, says, "the other question to be settled in this case is, whether the surveyor's return of his doings upon the warrant, was competent evidence to be offered by him to the jury to prove the facts stated in the return; and we are clearly of opinion, that it was not competent evidence.— His warrant was not returnable process; the statute has made it the duty of surveyors of highways to settle accounts and pay over any balance in their hands to the select men or town treasurer, but has not made it the duty of the surveyor to make any return of his doings upon his warrant. Where the law has made it the duty of a public officer to make a return of his doings, and has made him responsible for the truth of his return, a return may be evidence; but this is not the case. The return of the surveyor in this case is no better evidence for him, than his own confessions, and declarations would be, and was clearly incompetent evidence to be offered by him to the jury."

There is a plain distinction between the return of a Sheriff, made on a returnable process, where the law requires him to certify his doings, under his official signature, and the return of a surveyor of highways made on his warrant to collect highway taxes, which is not a returnable process, and by law the surveyor is not required to indorse, and certify his doings thereon: The return of the Sheriff is an *official* act, done under the oath of his office, and is deserving of credit; but the return of the surveyor is not an official act, and was not done under the oath of his office; therefore his return is not to be credited like the sheriff's.

If we examine the act (Slade's Ed. 400,) entitled "An

Franklin,
January,
1833.

Hathaway
vs.
Goodrich.

act regulating the collection and payment of rates," we shall find, that by the third section, the collector of state taxes, in any town, is to receive a warrant from the Treasurer of the State, commanding him to levy and collect the tax, and pay the same into the treasury, by the time prescribed by the act granting the same. The collector is also to receive an Assessment, or rate bill of the tax to be collected from the selectmen of the town.

Then the collector shall immediately give, at least six days notice, to each *inhabitant* or *resident* of such town, who is taxed in such assessment or rate bill, the sum at which he is assessed, and of the time, and place he will attend to receive such rate or tax, before he shall make any distress thereof.

And upon the neglect, or refusal of any person to pay his rate or tax, the collector is empowered, and required to distrain the goods and chattels of such person.

Then by the 4th section, the collector shall keep such distress four days; and if the rate or tax, with costs and charges, be not paid in that time, the distress shall be posted for sale, for the space of six days, in some public place within the town. and then shall be sold at public vendue to the highest bidder.

By the 9th section, the collector may collect a tax, in his rate bill, in another town, as well as in his own; and shall, and may levy and collect a rate, or tax, or such part thereof as shall be due, at any time after the expiration of his year, as well as before.

By the 12th section of the act, when any town shall grant a tax, as empowered by law, it shall be the duty of the selectmen to make out a rate bill of said tax, apportioned to the several persons of whom the same is to be collected, as the law directs, and apply to some justice of the peace of the same county, for a warrant to collect said tax, who is hereby required, and empowered to issue such warrant, to the collector of taxes for such town. And such collector, on receipt of such rate bill, and warrant, shall have the same power, in all things, in collecting such tax, as is before in this act given to constables, in the collection of state taxes.

Franklin,
January,
1833.

Hathaway
vs.
Goodrich.

It does not appear, that the collector of state, or town taxes, is required to make return of his doings on the rate bill, or warrant in his hands, by virtue of which he made the distress; nor does it appear that such rate bill, or warrant is a returnable process. I conclude, that the collector in making his defence in this suit, has a right to give in evidence to the jury the original rate bills and warrants in his hands, to show his authority to distrain the plaintiffs desk to satisfy the taxes which the plaintiff owed. So if the defendant had in his possession the original advertisement of the desk for sale, he might give this in evidence, it being an official paper; but if he had not the advertisement in his possession, he might give parol evidence of its contents, and of its being posted as the law required. 8 Mass. Rep. 111. Whatever facts in defence, the defendant failed to prove by said rate bills, warrants and advertisement, he might prove by parol evidence : h' might prove by parol, that the plaintiff was not an *inhabitant*, or *resident*, of the town, as an excuse for the defendant's, not giving the plaintiff notice of the taxes before the distress was made ; also might prove by parol that in every respect, the Defendant complied with the law in taking, keeping, posting and selling said distress. But I apprehend, that the Defendant's certificates, by him signed, showing the seizure, and sale of the Desk, were not legal evidence in the cause; because the law had not made the Defendant a certifying officer of these facts ; and the Defendant is not to make evidence for himself by certificates, which are not official. But as the Defendant offered parol evidence, as well as the certificates, and the Court excluded the whole, the judgment of the County Court is reversed and a new trial granted.

*Hunt & Beardsley* for plaintiff.

*Brown & partner* for defendant.