## ARAUNAH ·SPEAR *v.* EDMOND TILSON.

### *Grand List. Collector. Return. Adjournment.*

The neglect of a collector of taxes to make return in writing, of his proceedings on his warrant, can have no effect to make him a trespasser *ab initio.* Nor is he bound to certify such return to the person whose property has been taken to satisfy such tax, even though requested so to do, by the owner of such property, and such return if made, would not be proper evidence in his justification.

In all cases the proceedings of the collector may be proved by parol, when necessary to his justification.

Such officer may lawfully adjourn the sale of such property, and his powers for that purpose, are identical with those of an officer having an execution for collection.

It was not necessary that listers should make oath to the correctness of the grand list, prior to 1841.

The existence and contents of a grand list which is lost or destroyed, may be proved by parol.

TRESPASS for taking plaintiff's mare. Plea, the statute of limitations, general issue and notice of special matter, which was referred, under a rule of court, to a referee, who reported :

That the mare was taken by the defendant as collector of a town tax in Braintree, some weeks previous to March 18, 1844, and posted for sale under a warrant for the collection of taxes, but was left in the custody of the plaintiff, until the day of sale, which was March 18, 1844. That on that day the defendant took the mare from the plaintiff and sold her at auction, which is the taking complained of.

The writ in this suit was issued March 18, 1850, and the referee decided that the statute of limitations was a bar to the action.

The referee also found that the defendant was, at the time of the taking of the mare, collector of Braintree, that the plaintiff was an inhabitant of said town, and liable to be taxed therein, that he was legally assessed on the grand list, in the years 1840 and 1841, that taxes were legally voted by said town, on said lists, and that legal tax bills were thereon made, and placed in the hands of the defendant, that the plaintiff refused to pay the taxes assessed against him, that the defendant took the mare by virtue of said

tax bills and the warrants attached to them, that the plaintiff did not pay said taxes, that the defendant legally advertised said mare to be sold, February 5, 1844, when he legally adjourned the sale to March 18, 1844, at which time he sold said mare to Samuel Spear, the agent of the plaintiff for that purpose, who was the highest bidder for her.

That the defendant on the day of the sale, and after the sale, gave to said Samuel Spear as such agent, an account in writing, of the tax, costs and commission, and therein accounted fully for the proceeds of said sale, that the defendant made no return in writing, upon his warrant, or otherwise, of the sale or other proceedings, under said warrant, and that the plaintiff applied to the defendant during the week previous to commencing this suit and requested him to make out and certify such a return, which the defendant refused to do.

The referee also found that at the time of trial there was no signature of the listers to the grand list of 1840, that it was mutilated and portions of it were entirely gone. The referee permitted the defendant to prove by parol, that said list was properly certified when returned to the town clerk's office, although such evidence was objected to by the plaintiff, and that such certificate had been destroyed.

The referee also reported that no evidence was adduced to show that the oath of the listers was ever certified on the grand list of 1841.

The county court, January term, 1852, COLLAMER, J., presiding, accepted the report, and rendered judgment thereon for the defendant. To which the plaintiff excepted.

*P. Perrin* and *E. Weston* for the plaintiff.

The statute of limitations had not run on the action. *French* v. *Wilkins*, 17 Vt. 341. *Weeks* v. *Hall*, 19 Conn. 376 and cases there cited.

The defendant had no authority to adjourn the sale without the consent of the parties, and by doing so, and afterwards selling the mare, he rendered himself liable in trespass *ab initio*. He also made himself liable by refusing to make and certify a copy of his doings. Com. St. 464 § 10 and 13.

The referee erred in receiving parol testimony of the certificate of the listers.

It does not appear that the grand list of 1840, was ever sworn to by the listers.

*J. P. Kidder, J. B. Hutchinson,* and *S. M. Flint* for defendants.

The statute of limitations had fully run. Com. St. 378 § 5. 7 Comyns Dig. 397. Doug. 465. *Castle et al.* v. *Burdett et al.,* 3 T. R. 623. *Presby* v. *Williams,* 15 Mass. 193. In the matter of Wellman, 20 Vt. 655.

The defendant is justified under his plea and notice. The statute requiring lists to be sworn to, did not come in force until Jan. 1842, and the referee did not err in admitting the parol evidence to prove the loss of part of the list.

The opinion of the court was delivered by

IsHAM, J. In this case, several questions have arisen under the general issue and notice, and a more difficult one, under the plea of the statute of limitations. The action is trespass for taking the plaintiff's mare, and was commenced on the 18th day of March, 1850, the same day the property was taken. The defense, under the general issue and notice, consists in having taken the property by the defendant, as collector of taxes by virtue of a warrant therefor. The proceedings of the collector and the legality of the tax, are to be taken as correct and legal, unless for causes urged, they are found otherwise.

The neglect of the constable to make a return in writing, of his proceedings on his warrant, with his certificate, and deliver the same to the plaintiff as requested, can have no effect to charge him in this action as a trespasser *ab initio.*

In no sense could such a return be considered as an official act. There is no statute requiring such return to be made or copy to be delivered, except when the delinquent is committed to jail, in which case a copy of the warrant, and his doings thereon, is required to be left with the keeper of the jail. In all other cases, his proceedings may be proved by parol, when necessary in his justification. This, of necessity, arises from the fact, that if he had made his return, it would not, for any purpose in his justification, be even *prima facie* evidence of the facts there stated. *Hathaway* v. *Goodrich,* 5 Vt. 65.

The Comp. St. 464 Sec. 13, requires the officer, after such sale, to

Spear *v.* Tilson.

return the overplus, if any there be, to the former owner *on demand* and also to furnish him an account of such tax and cost. It is stated in the report, that on the day of sale the defendant gave to Samuel Spear, a person whom the referee has found to be the agent of the plaintiff for that purpose, an account in writing, of the tax, costs and commissions, and accounted fully with him on that occasion for the proceeds of that sale. This was a full compliance with his duties, as required by that section of the act. Independent of this consideration the case does not show that he was ever requested to deliver this account, and it is only upon such request the duty arises. The agent did request a copy of the collector's return on the warrant, but this he was not bound to make or deliver.

Equally unavailing is the objection that the grand list of 1840, was not sworn to by the listers, or that parol evidence was introduced of the certificate of the listers, when it was lodged with the town clerk. There was no statute requiring the grand list to be sworn to by the listers, until the year 1841. And whenever it becomes necessary to prove the existence or contents of the grand list in case of its destruction or loss, we entertain no doubt that the fact may be shown by parol proof.

The objection that the sale was adjourned by the collector, from the 5th of February to the 18th of March, 1844, must also be overruled. The Stat. p. 464 Sec. 12, specifies the time within which it shall not be sold, and this for the benefit of the delinquent, to enable him to redeem the property, by the payment of the tax. Beyond that time, the right and power of adjournment rests in the exercise of a sound discretion of the collector. Such an adjournment may be necessary for the want of bidders, or to prevent the property from being sacrificed. And the right to the exercise of that power is the same as that of any officer having property attached on execution. *Tomlinson* v. *Wheeler*, 1 Aik. Rep. 194. 15 Vt. 211. It may be exercised to such an extent as to make him liable for neglect. But he would not thereby become a trespasser *ab initio.* The defense is sustained under the general issue and notice. This renders it unnecessary to decide the question arising under the plea of the statute of limitations, or the propriety of filing that plea, after a special notice under the general issue.

The judgment of the county court must be affirmed.