JOHN A. WHEELOCK *v.* LEWIS ARCHER & LEVI WILDER.

*Trespass. Collector. Distress for Taxes, &c.*

If a collector of a school district, call upon one legally assessed in the district, for the payment of a tax, which he holds against him for collection, and the taxpayer absolutely refuses to pay the tax, after such a refusal, the collector is not required to give further time, and specify the time and place, when and where he will receive the tax, but may if he elects, at once levy on the property of the one so refusing to pay. *Downer v. Woodbury*, 19 Vt. 329.

And where the collector justifies under his tax bill and warrant, the fact, that plaintiff promised that he would pay the tax that week, if he would leave the property upon which he had levied, can have no effect upon the collector's liability in an action for trespass, as the plaintiff's former refusal would justify the collector in proceeding with his levy, until the tax was paid.

The proceedings of the collector, subsequent to the levy, will be presumed to be correct, unless from facts existing in the case, they appear to be otherwise; and the fact, that in making an adjournment of the sale, he inserted " 4 o'clock, A. M." instead of " 4 o'clock, P. M.," will not render him a trespasser in making the sale.

And a person assisting the collector in making a legal levy, will not become a trespasser, by a subsequent abuse by the collector of his authority.

TRESPASS for a wagon, which the defendant, Archer took as collector of school district, No. 13, in Plymouth, the defendant, Wilder

assisting the said collector, at his request, in drawing the wagon away.   The suit was originally commenced before a justice of the peace, and came to the county court by appeal, and was referred, under a rule of court to a referee, who reported in substance the following facts :

That plaintiff proved the taking of the wagon ; and that defendant, Archer claimed that he took the same as collector of school district, No. 13, in Plymouth ; and defendant Wilder claimed that he acted under said Archer.   That school district No. 13, is and was a duly organized district in said Plymouth ; that at a meeting in said district, of the legal voters, duly holden on the 27th day of March, A. D. 1850, said Archer was elected collector of said school district for the year then ensuing, and at said meeting they voted to raise sixty dollars, on the grand list, for the support of a school in said district ; and a tax bill and warrant was duly made out and put into the hands of said Archer, as collector ; and that the tax assessed, and entered upon said tax bill against the plaintiff was five dollars and three cents, ($5,03.) That about three weeks before the taking of the wagon in question, and after said Archer had received the said tax bill and warrant, the said Archer called upon the plaintiff and asked him " if he could not pay his tax in a few days, as it was time that it was closed up ;" to this plaintiff made no reply.   That about two weeks after this as the plaintiff was passing in the highway, a field where Archer with others were at work, haying, Archer again asked plaintiff to pay said tax ; that the plaintiff refused to pay it, and told Archer that he would never pay said tax to him.

That on the following day, July 24th, 1850, Archer went to the plaintiff's house with the said tax bill and warrant and levied the same on the wagon in question, and that after the levy, but before he removed the wagon, the plaintiff called for the tax bill and warrant, and Archer showed the same to him ; plaintiff then told Archer that he would pay the tax that week on Saturday, if he would leave the wagon ; that Archer insisted upon payment at that time, which plaintiff neglecting to make, he called upon the defendant, Wilder to assist him, and they drew the wagon away.

That said Archer advertised said wagon for sale, but the same had not been sold, when this suit was commenced, nor when the same was tried before the justice.

That said Archer adjourned the said sale once, and in making the adjournment he inserted " 4 o'clock, A. M." instead of " 4 o'clock P. M.," which mistake was rectified sometime in the forenoon of the day upon which the wagon was sold.

The County Court, December Term, 1853,—COLLAMER, J., presiding,—rendered judgment on the report of the referee for the defendants.

Exceptions by plaintiff.

*R. Washburn* and *Robbins & Chapman* for plaintiff.

I. In this case the plaintiff insists, that Archer, the collector, was a trespasser in making the distress, mentioned in the report, before giving the plaintiff notice of the sum at which he was assessed, as required by the statute.

II. That he was also a trespasser in taking away the wagon, immediately after he had notified the plaintiff of the sum at which he was assessed, and after the plaintiff had promised to pay the tax to him, within three days, as shown by the report.    Comp. Stat. 149 § 42—463 § 7—464 § 8, 9, 10.

III. That Archer, the collector, by his collusion with James M. Fullam, in relation to the disposition and sale of said wagon, and by his irregularity in the advertising and sale thereof, became a a trespasser *ab initio. Moore* v. *Robbins*, 7 Vt. 367. *Sackrider* v. *McDonald*, 10 Johns. 253. *Pierce* v. *Benjamin*, 14 Pick. 356. *Smith* v. *Gates*, 21 Pick. 55.    *Bond* v. *Wilder*, 16 Vt. 393.    Gilchrist's Dig. Trespasser *ab initio*, 541.

IV. If Archer, the collector, was a trespasser, Wilder, in assisting him, was a co-trespasser.

*S. Fullam* for defendants.

The referee finds the following facts :

1. That school district No. 13, in Plymouth, was legally organized.

2. That the school tax was legally voted.

3. That defendant, Archer, was legally elected collector.

4. That the tax bill and warrant were legally made out and delivered to the collector.

5. That he was legally assessed in $5,03, on said bill.

6. That the collector called on the plaintiff twice for his tax,

and at the last time *he told him " he never would pay it to him."*

7. That defendant, Archer, took the wagon by virtue of his tax bill and warrant.

8. That defendant, Wilder, assisted him.

9. That plaintiff commenced this suit before the sale, &c.

These facts the defendants insist, constitute a good and legal defence to the action.

I. The collector is not bound to prove, that he notified the party when and where he would receive the tax. It would be unreasonable and wholly impracticable to have a witness with him when such a notice was given.

II. The law presumes the collector has done his duty, until the contrary be shown.

III. It would not make the levy a trespass, if the collector failed to give the notice; he has a discretion on the subject, and if he wantonly or maliciously neglect to give the notice, he would be liable in an action for the damages thereby occasioned.

IV. Where the party refuses to pay, the notice is wholly unnecessary. *Downer* v. *Woodbury,* 19 Vt. 329.

The opinion of the court was delivered by

Isham J. The case of *Downer* v. *Woodbury,* 19 Vt. 329, is decisive in relation to the first objection which has been taken to the proceedings of the constable. It appears from the report that previous to the levy of the warrant on the wagon, the plaintiff had been called upon for payment of the tax, and that he refused to pay it. After that distinct refusal to pay the tax, it would be a useless ceremony, to require the collector to give further time, and specify the time and place, when and where he would receive it. It was so held in the case above referred to.

The promise made by the plaintiff, after the defendant, as collector, had levied upon the wagon, that he would pay the tax that week, if he would leave the property, and not take it away, can have no effect on the defendants' liability in this action. The plaintiff's former refusal to pay the tax justified the levy; and the collector had a right to proceed with the levy, until the tax was paid. The promise will have no effect in avoiding the consequences of his former refusal.

The proceedings of the collector, subsequent to the levy, will

be presumed to be correct, unless from some fact existing in the case, they appear to be otherwise. The sale of the wagon was advertised, and we are to presume correctly so, as no fact appears to the contrary. An adjournment of the sale could be made by the officer in his discretion. The fact that in making the adjournment, he inserted " 4 o'clock, A. M." instead of "4 o'clock, P. M.," was an obvious mistake, and could deceive no one. Its alteration, on the morning of the day of sale, would not mislead any one, as to the true time of sale intended in the original adjournment. In any event, we think, this matter would not render the defendant a trespasser in making the sale. *Spear* v. *Tilson,* 24 Vt. 420. The statute no where provides that an adjournment of the sale shall be in writing.

In relation to Mr. Wilder, who defends as the servant of the collector in making the levy, it is clear, that this action cannot be sustained against him for this matter. In the case of *Oysted* v. *Shedd,* 12 Mass. 511, it was held, " that a person assisting an officer in a legal process, will not become a trespasser, by a subsequent abuse by the officer of his authority, as he would be, if the original taking was illegal."

These being the only objections urged against the legality of the proceedings of the collector, the judgment of the County Court is affirmed.