## LUKE BUZZELL *v.* N. M. JOHNSON.

*Officer.    Trespass.    Adjournment of Sale.*

1. A sale of property seized for taxes and sold by a collector at ten o'clock in the forenoon under an adjournment to one o'clock in the afternoon, is irregular, and renders him a trespasser; and the result is the same although the property sold well; was applied on the plaintiff's taxes; and his attorney was present, knew of his mistake, and said nothing.
2. An adjournment of a sale by a collector is proper; but it must be to a definite time.

HEARD at the June Term, 1881, Caledonia County, Ross, J., presiding, on the report of a referee.    Action, trespass *de bonis* with a count in trover.    Judgment for the plaintiff to recover $76.55.    The case is stated in the opinion of the court.

*H. C. Bates*, for the defendant.

The plaintiff's attorney was present, and he could easily have prevented the sale; but made no objection.    The plaintiff is therefore estopped.    34 Vt. 598.    The statute does not point out how the sale shall be advertised.    26 Vt. 380.

*Belden & Ide, M. Montgomery* and *Harry Blodgett*, for the plaintiff, cited *The Six Carpenters' Case*, 1 Smith's L. Cases, 130; Cooley on Torts, 317, 462; 12 Pick. 102; 2 Vt. 42; 7 Mass. 388; 1 N. H. 91; 21 Pick. 55; 48 Vt. 205; 40 Vt. 576; 16 Vt. 397; 31 Vt. 617; 52 Vt. 110.

The opinion of the court was delivered by

VEAZEY J.    The question most debated, and decisive, is whether the sale by the collector, of the property distrained, at ten o'clock in the forenoon, under an adjournment to one o'clock in the afternoon, was so far irregular as to render the collector a trespasser *ab initio*.    The tendency of late decisions has been to modify the rule adopted in *The Six Carpenters' Case*, and to discountenance the doctrine of making public officers trespassers *ab initio*.

*Stoughton* v. *Mott*, 25 Vt. 668. But in this State, and generally, it has been held that where an officer, seizing goods and chattels under process, disposes of them contrary to the provisions of the statute, he is liable in trespass. The only authority to act being that provided by the statute, the unlawful disposition is a positive wrongful act, which can receive no aid from the original lawful seizure. There is a distinction between mere negligence in the discharge of incidental or implied duties growing out of lawful custody of property, or violation merely of such duties, or a mere *non-feasance* of express duties resting on the officer, on the one hand, and on the other hand the doing of an official act, authorized by the statute but required to be done in a manner specifically prescribed, in direct violation of the statute, *Hall* v. *Ray*, 40 Vt. 576, and cases cited in the opinion. The statute as construed in previous cases required the collector to give notice of the time and place of sale, R. L. sec. 377. An adjournment is proper ; but it must be to a definite time. Whether it need be in writing and posted or not, the collector saw fit to adopt that course, and fixed the hour at one o'clock in the afternoon ; not an hour indicating that it was a clerical error ; not an obvious mistake, as in the case of *Wheelock* v. *Archer et al.*, 26 Vt. 380, where it was written " 4 o'clock A. M." instead of " 4 o'clock P. M."; but a seasonable and proper hour, and the one to which the adjournment was actually made. There could be no legal sale under that adjournment previous to that hour. It is a strict technical question of legality of sale ; and that cannot be affected by the fact that the property sold well ; or that it was just as well for the plaintiff to have the sale at ten o'clock ; or that the plaintiff's attorney at that time discovered that the sale was premature and said nothing ; or that the proceeds were applied in the payment of the plaintiff's taxes. As stated by BARRETT, J., in *Hall* v. *Ray*, *supra*, which was a sale under an execution, where the same rule prevails, the defendant: " was the agent and officer of the law, proceeding *in invitum* against the plaintiff's right to hold and dispose of his own. He could only affect and bind the plaintiff in disposing and applying the proceeds of the property, by pursuing the course prescribed by the law."

This view must result in an affirmance of the judgment below, independent of some other points made by the defendant—which are therefore not passed upon. Judgment affirmed.