## LORENZO HACKETT v. ROLLIN AMSDEN.

*Extents. Not Returnable. Parol Evidence. Officer may Adjourn Sale. Fixtures. Delinquent Collector.*

1. An extent is not returnable; and when an officer sells the property of a delinquent tax collector on an extent, no return is required; and his doings under it—as that the sale was adjourned to another place than the one where it had been advertised—may be shown by parol. If he makes a return, and his proof is variant from it, it affects its credibility, and not its admissibility.
2. Boards in a corn barn, used for a permanent floor, and stone posts, deposited upon the farm for the purpose and with the intention of building necessary fences, could not lawfully be sold as personalty by an officer on the extent.
3. Trespass *de bonis* is the proper form of action to recover for the boards and posts; as the claim was, not for breaking and entering, but for taking and carrying away.

TRESPASS *de bonis*. Plea, general issue, and notice of justification under extents. Heard by the court, December Term, 1884, TAFT, J., presiding. Judgment for the plaintiff. Both parties excepted, the court holding the defendant only liable for the boards.

The defendant made a return on his warrants, which showed that the sale was advertised to be at the dwelling-house of Jerome Eastman. The court allowed the defendant, against the plaintiff's objection, on the ground that, it contradicted the return to prove by parol, that the sale of the hay was adjourned from said Eastman's house to the premises of one Brown,—a distance of half a mile or more: and that the sale of the stone posts was also adjourned from the house of one Bates to the plaintiff's dwelling-house,—also a distance of half a mile.

*Gilbert A. Davis*, for the defendant.

The parol evidence was properly admitted to show the defendant's proceedings under the extent. Such

proceedings are purely statutory. Ross, J., *in re Hackett* 53 Vt. 354; *Hackett* v. *Amsden*, 56 Vt. 201; G. S. c. 84, ss. 49, 52. The extent was not returnable. *Spear* v. *Tilson*, 24 Vt. 420; 26 Vt. 384: 5 Vt. 65; *Henry* v. *Tilson*, 19 Vt. 447; *Flint* v. *Whitney*. 28 Vt. 680. The sheriff could legally adjourn the sale. *Jewett* v. *Guyer*, 38 Vt. 216; *Wood* v. *Doane*, 20 Vt. 612; *Drake* v. *Mooney*, 31 Vt. 617. The stone posts were not real estate. *Noble* v. *Sylvester*, 42 Vt. 146. The boards were personal property; but if not, the action should have been trespass *quare clausum*. *Sturgis* v. *Warren*, 11 Vt. 433.

*French & Southgate*, for the plaintiff.

No authority was given the defendant to sell at any place other than where notice was posted; and he would have been a trespasser *ab initio* even if he had in his advertisement at Eastman's said that the sale would be at Brown's. WILLIAMS, Ch. J., in *Bond* v. *Wilder*, 16 Vt. 393; *Buzzell* v. *Johnson*, 54 Vt. 90; *Hall* v. *Ray*, 40 Vt. 576; *Evarts* v. *Burgess*, 48 Vt. 205; *Jewett* v. *Guyer*, 38 Vt. 216. The posts were a part of the real estate. *Ripley* v. *Paige*, 12 Vt. 353; *Noble* v. *Sylvester*, 42 Vt. 146; *Bishop* v. *Bishop*, 11 N. Y. 123; *Walker* v. *Sherman*, 20 Wend. 636; Tyl. Fix. 116; *Wing* v. *Gray*, 36 Vt. 261. The floor boards were real estate. Tyl. Fix. 121; and cases cited above. The parol evidence introduced by the defendant was inadmissible. *Hathaway* v. *Goodrich*, 5 Vt. 65; *Stanton* v. *Hodges*, 6 Vt. 64; *Carney* v. *Denison*, 15 Vt. 400; *Henry* v. *Tilson*, 19 Vt. 447; *Flint* v. *Whitney*, 28 Vt. 680; *Gardner* v. *Hosmer*, 6 Mass. 325; *Purrington* v. *Lovering*, 7 Mass. 388; 5 Wend. 207; *Williams* v. *Cheeseborough*, 4 Conn. 356.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action *de bonis asportatis* for taking and carrying away the property described in the declaration. The defendant justified, as an officer, under

two extents issued by a justice of the peace against the plaintiff as a delinquent collector of taxes for the town of Hartland, and was allowed to show by his own evidence and the testimony of other witnesses that the sales of the property levied upon were adjourned by him from the places where it was advertised to be sold to the places where it was sold.

The question of the admissibility of that evidence depends upon whether extents of that kind are returnable. If returnable, it was the duty of the officer to make a full return of his doings thereon, and the return so made would be conclusive as between the officer and the party whose property he had levied upon and sold. If not returnable, the officer was under no legal obligation to make any return thereon, and if made it would not be evidence of the facts therein stated. *Hathaway* v. *Goodrich*, 5 Vt. 65.

The nature and definition of these extents were fully considered in *in re Hackett*, 53 Vt. 354, and in *Hackett* v. *Amsden*, 56 Vt. 201; and what was there said need not be here repeated. The right to issue them is created by statute, and the manner of their procurement and enforcement prescribed by statute. They have no analogy to proceedings *inter partes,* in which all that may done in the settlement of conflicting rights and the compelling of compensation for ascertained wrongs is required to be made a matter of record. The object to be accomplished by them is the collection of revenue, and when it becomes necessary to coerce tax-payers for that purpose it is done by the use of warrants under which the tax-payer's property may be levied upon and sold. In such cases the officer executing the warrant is not required to make a return of his doings thereon, and, if made, it is not evidence in his favor. *Hathaway* v. *Goodrich, supra; Spear* v. *Tilson,* 24 Vt. 420.

These extents are directed against the party who has collected the taxes from the tax-payers and unlawfully detains them; and the purpose sought to be accomplished by them

is to compel the restitution of the money to the town treasury. The officer, in executing them, is directed to proceed in the same manner as provided by law for the service of warrants against delinquent tax-payers. As we have seen, an officer executing such warrants is not required to make a return, but in lieu of a return and to protect the tax-payer against over-payment and extortion, he is required, when requested by the tax-payer, to furnish him an account of such taxes and costs.

It is evident to us that the intention was to assimilate the proceedings in executing extents to those that are prescribed for executing tax-warrants. We see no reason why a different rule should prevail, nor any necessity for requiring a return in one case more than in the other; and there is no statute requiring one. If the officer volunteers to make one, and his proof is variant from the return, it would affect the credibility of his proof. No return being required, it was allowable to show by parol what was done under the extents. See cases *supra.*

The objection to the legality of the sales made upon the extents was, that they were made at different places from those at which the property was advertised to be sold; but it has been too well settled that an officer has the right to adjourn the sale of property from the place where it is advertised to be sold to some other place, to be now regarded as an open question. *Jewett* v. *Guyer*, 38 Vt. 216; *Wood* v. *Doane*, 20 Vt. 612; *Drake* v. *Mooney*, 31 Vt. 617.

The sales having been legal, the only remaining question is, as to the right of the officer to levy upon and sell the property. It is not claimed but that the hay was attachable; so no recovery can be had for that. The right to recover for the floor boards depends upon the question whether their character had been so changed by the use to which they had been put, and for which they were permanently designed, as to convert them into fixtures. The chaotic state of the law renders it impossible to formulate any general

rule upon the subject; each case has to be determined upon its own circumstances. The usual rule adopted for the ascertainment of what are fixtures, is to inquire if they are so attached to, or used in connection with, the realty, that they would pass by a conveyance of it; and in determining that question it is allowable to consider their adaptability and necessity for the beneficial enjoyment of the estate conveyed. The boards in question had been in use as a permanent floor in the plaintiff's corn barn since 1878. They were necessary to a full enjoyment of the barn, and had been so placed and treated that they had become an adjunct of the barn, and would have passed by a conveyance of the land on which the barn stood. Hence, they were not subject to attachment as personal property.

The decision in *Ripley* v. *Paige*, 12 Vt. 353, approved in *Noble* v. *Sylvester*, 42 Vt. 146, must control this so far as the stone posts are concerned. The only difference that we observe between those cases and this is, that in the former the court were treating of wooden material, and here it is stone, but equally well adapted to the purpose of building fence. Whatever the rule may be elsewhere, it seems to be settled in this State, that suitable materials, deposited upon a farm for the purpose and with the intention of building necessary fences with them thereon, pass by a conveyance of the land as a part of the realty; and being a part of the real estate—or, as they are sometimes called, chattels real,—they are not attachable as personal property.

It is objected that the value of the boards and posts cannot be recovered in this form of action; that the appropriate action would be trespass *quare clausum*. If the plaintiff had sought a recovery for breaking and entering, and had thus made that the gist of the action, there would have been force in the objection. But this action was for the taking and carrying away of the boards and posts, and is like the case of *Chandler* v. *Spear*, 22 Vt. 388, in which the plaintiff in an action of trespass *de bonis asportatis* was allowed,

against an objection to the form of action, to recover the value of pine logs that had been unlawfully cut upon his land. The judgment should have included the value of the posts.

The judgment is reversed, and judgment for the plaintiff for $18.61 and interest since the property was sold.