R. C. HORTON, Respondent, v. KANSAS CITY, FORT
SCOTT & GULF RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, May 23, 1887.

1. JUSTICE'S COURT—NOTICE OF APPEAL—EFFECT OF SERVICE OF BY
SHERIFF.—It is the well settled law of this state, since the decision
in *Hallowell v. Page* (24 Mo. 590), that a sheriff's return on *process*,
regular on its face, is *conclusive* upon the *parties to the suit*. Its
*truth* can be controverted only in a direct action against the
sheriff for false return. But the *notice* required by the statute
(Rev. Stat., sects. 3055, 3057), in the case of appeal from the judg-
ment of a justice of the peace, is not *process* in any legal sense;
and, since the statute does not devolve on the sheriff the *duty* to
serve the notice and make return, or declare what force and effect
such return should have, the return of such a notice by the sheriff
is not even *prima facie* evidence of the facts recited by him in
the return.

2. —— DEFECTIVE STATEMENT—PLEA OF NOT AVAILABLE WHEN
APPEAL NOT PROSECUTED WITH EFFECT IN CIRCUIT COURT.—It is
not enough, in order to overthrow a judgment of the circuit court,
*affirming* a judgment of a justice's court, when *notice of appeal* to
circuit court *was not given*, that the petition in the justice's court
is defective in form and substance. If the appellant fails to pros-
ecute his appeal, he is not in a situation to raise the question in the
circuit court.

APPEAL from Barton Circuit Court, HON. CHARLES
G. BURTON, Judge.

*Affirmed.*

The case is stated in the opinion.

WALLACE PRATT and C. B. MCAFEE, for the appellant.

1.    There are but two points to be considered in this case.    (1) Can the *return of the sheriff* made on the notice of appeal be *impeached*, as was done in the court below?    That the return of an officer of the service of process is *conclusive between the parties* to the suit, is so well established by repeated decisions of the supreme court of this state, that the question is no longer debatable, and it would seem that a citation of these decisions, to-wit, *Hallowell v. Page* (24 Mo. 590) ; *Page v. Page & Bacon* (24 Mo. 595) ; *Delingern, Adm'r, v. Higgins* (26 Mo. 180) ; *Reeves v. Reeves* (33 Mo. 28) ; *Jeffries v. Wright* (51 Mo. 215) ; *Stewart v. Stringer* (41 Mo. 400) ; and so on, from the first report to the last decision on the question, ought to be the decision of this case, and is so *unless an exception is made in cases of services of notice.*    Under our statutes, a judgment of the justice of the peace is final if an appeal is not taken on the same day, unless the appellant shall *bring the appellee into the circuit court* by a notice to him that an appeal has been taken from the judgment therein specified, and this appeal is not triable until such notice is given ten days before the first day of court, unless by the voluntary appearance of the appellee, and if such notice is not given ten days before the first day of the second term, the statute provides that the judgment of the justice shall be affirmed, or the appeal dismissed.    Gen. Stat., p. 511, sects. 3055, 3056, 3057.    *This notice*, then, is the *process* by which the opposite party is brought into court.    There is no other way to force another trial.    It is just as important as a summons in the first instance, and no greater evils would follow by permitting the

return of an officer on a summons to be contradicted, than would follow the contradiction of his return of *the service of a notice of an appeal.* The statute (sect. 3055) provides that the notice of appeal *may be served* in like manner as an original writ of summons (certainly contemplating a *service by an officer*), or by delivering a copy of the same to the appellee *by any person* competent to be sworn as a witness, etc.

II. By reference to the complaint and the judgment of the justice, it will be seen that, upon the first count, the issues are found for defendant, and on the second count the issues are found for plaintiff. And appellant calls attention of the court to *the insufficiency of the second count,* upon which the judgment of the justice is based. The allegations in this count against defendant are in these words: "Said defendant has improperly constructed its fences and cattle guards, and placed the same in such an angle that cattle and horses getting on said road and right of way, at the crossing aforesaid, were, and are, liable to great and unnecessary danger and difficulty, and are hindered and prevented from escaping from approaching trains." There is no allegation that the *road is not fenced,* or *that cattle guards are not maintained.* There is no allegation that the fences or cattle guards are not sufficient to "*prevent cattle and horses* from *getting on the railroad.*" But the allegations are, "that cattle and horses, getting on the road and right of way *at the crossing,* are liable to great and unnecessary danger and difficulty, and are hindered and prevented from escaping from approaching trains." It is curious that stock can get on a crossing of a public highway, and are there hindered by cattle guards from getting off a crossing when a train approaches. The fence and cattle guards do not run on the public highway, nor across it, and this horse was killed on the highway at the crossing. *Gilman v. Railroad,* 13 Am. & Eng. R. R. Cases, 540; s. c., 62 Ia. 302. The complaint is *not framed under any statute.* There

is no allegation of any *omission of any duty;* "so improperly constructed its fences and cattle guards, *and placing them at such an angle* that cattle and horses on"—what? Not on the part of the railroad required to be fenced and cattle-guarded—but on the road and right of way, at the crossing of the public highway, where the law does not require or *permit* fence, or cattle guards to be placed. No carelessness or unskilfulness is alleged or charged. There is no cause of action whatever stated in the petition.

BULER & TIMMONDS, for the respondent.

I.    There are but two questions raised in this case, viz: (1) Is the statement of the sheriff, indorsed on the back of the notice of appeal, conclusive? (2) Is the first count in plaintiff's statement sufficient, after verdict and judgment, no motion in arrest having been made? A notice of appeal is not a *writ or process;* nor is the statement of the sheriff thereon a *return.* A *writ* is an instrument in writing *running in the name of the state,* and issued out of *a court of justice,* directed to a sheriff or other ministerial officer, or to the party intended to be bound by it, and commanding some act therein mentioned to be done. Burrill's Law Dictionary. *Process* is a generic term for writs of the class called judicial. Burrill's Law Dictionary. A *return* is the answer made in writing by a sheriff, or other officer, to the court out of which a writ directed to him has been issued, stating what he has done in execution of it, or how he has executed it. Burrill's Law Dictionary. If the process is not what is called *returnable process,* or, in other words, if it be process upon which the officer is not required to certify his doings, *his return will not be evidence.* 2 Phillips on Evid. (Cowen & Hill's and Edward's notes), 367, and citations. To know whether a return is competent evidence or not, we must look primarily to the process itself, and to the law regulating the officer's duty thereon. 2 Phillips on Evid. (Cowen

& Hill's and Edward's notes), 367, and citations.
There is no law in this state making it the *official
duty* of any constable *or sheriff to serve notices of ap-
peal;* nor, if such officer does serve it, is there any law
making it his official duty to *make return of his pro-
ceedings.* The appellate courts of Missouri recognize
these exceptions to the general rule. *Hallowell v. Page,*
24 Mo. 593. At most, an officer's return on a notice is
only *prima facie* evidence of the fact and date of
service. *Towner v. Remick,* 19 Mo. App. 209.

II. The first count in plaintiff's complaint is suffi-
cient. "No formal pleadings, upon the part of either
plaintiff or defendant, shall be required in a justice's
court." Rev. Stat., sect. 2851; *Iba v. Railroad,* 45
Mo. 469; *Minter v. Railroad,* 82 Mo. 128. No judg-
ment will be reversed "by reason of the following im-
perfections, omissions, defects, matters or things, or any
of them, namely:" Rev. Stat., sect. 3582. "No ex-
ceptions shall be taken in an appeal or writ of error to
any proceedings in the circuit court, except such as
shall have been expressly decided by such court." Rev.
Stat., sect. 3774. In this case the defendant appeared
and participated in the trial before the justice; also ap-
peared to the motion to affirm in the circuit court. In
neither court did the defendant raise any objection to
the sufficiency of the complaint. No motion in arrest
was filed, and this point was not brought to the attention
of the trial court. *Newton v. Miller,* 49 Mo. 298; *Hotel
Co. v. Sigeman,* 53 Mo. 176; *Sweet v. Maupin,* 65 Mo.
65; *Bank v. Allen,* 68 Mo. 474.

PHILIPS, P. J.—This action arose in a justice's
court. The plaintiff had judgment, from which the de-
fendant took an appeal, in vacation, within ten days
after the rendition of judgment. In such case it is made
the duty of the appellant to serve notice on the appellee
of the taking of such appeal. And if such notice be not
given, within ten days next before the commencement
VOL. xxvi—23

of the second term of the appellate court, the judgment of the justice shall be affirmed by the appellate court on the motion of the appellee. At such second term the appellee made such motion. In opposition thereto the appellant offered, and read in evidence, a notice in due form, dated August 13, 1885, on which was the following indorsement:

"State of Missouri, } ss
"County of Barton. }

"Served this notice in the county of Barton, state of Missouri, by delivering to the within named R. C. Horton an exact and true copy of this notice, on the fifteenth day of August, 1885.

"S. P. Finley, Sheriff.

"Per A. E. Wardick, Deputy Sheriff."

Against the objection of appellant the plaintiff testified, "that the said notice of appeal was never served on him; but that a notice, similar in form, but in a case of H. E. Best against defendant, was served on him; but that no notice of appeal whatever was served on him in this case, nor did he ever see any notice of appeal in this case."

On this state of the proofs the court sustained the motion, and rendered judgment of affirmance accordingly. Defendant has appealed to this court. The single question presented for determination is, whether or not this return of the sheriff is conclusive evidence of the fact of such service, so as to preclude the appellee, on such motion, from showing the truth? It is the well settled law of this state, since the decision in *Hallowell v. Page* (24 Mo. 590), that a sheriff's return on process, regular on its face, is conclusive upon the parties to the suit. Its truth can be controverted only in a direct action against the sheriff for a false return. The contention of appellant is, that the same force and effect ought to be given to the return made by the sheriff on the notice in this case. By sections 3055, 3056, 3057, Revised Statutes, it is made the duty of the appellant to

give the required notice to the appellee. Section 3055 provides that, "the notice may be served in like manner as an original summons, or by delivering a copy of the same to the appellee, by any person competent to be sworn as a witness ; and when the appellee does not reside in the county, and has no agent in the suit therein, within the knowledge of the justice, the service may be by leaving a copy of such notice with the justice." It is to be observed that all the decisions of the supreme court, to which we are referred by appellant, pertain to the officer's return made to writs of summons issued out of, and made returnable to, the court. So it is said by Cowen *et al.* in note 382, p. 371, 2 Phillips on Evid.: "The rule above noticed, concluding the parties, applies to process by which the defendant is brought into court."

In our modern practice the terms, "writ of summons" and "process," are used interchangeably. Process is used as a generic term for writs of the class called judicial. Burrill's Law Dictionary.

The writ of summons is the instrument running in the name of the state, issuing out of the court having jurisdiction of the action, directed to the ministerial officer, commanding him to execute the same, and certify to the court how he executes it. Burrill's Law Dictionary.

The return is the answer made by the officer, indorsed on the writ, certifying to the court the fact and manner of service. Burrill's Law Dict. So our statute ( sects. 4037, 4038 ) provides that such writs shall issue out of the court, and shall run in the name of the state, and how they shall be attested.

The notice in question can not, therefore, in legal strictness, be regarded as process in any sense. It issued neither out of the court, nor was it directed to the sheriff. It made no command of him. On the contrary, the statute requires the appellant to give the notice. He makes, signs, and sends out the notice, and

must see that it is served.   The court has nothing to do with this matter.

Unless, therefore, it can be shown that, by some statute, the duty was devolved on the sheriff to serve the notice, and make return, and declaring what force and effect such return should have, we do not see how the contention of appellant can be upheld.

It cannot be maintained that section 3055 imposes this duty upon the sheriff, so that he and his bondsmen would be liable for any neglect or omission touching his action thereon.   "The notice may be served in like manner as an original writ of summons, or by delivering a copy of the same to the appellee, by any person competent to be sworn as a witness."   The strict grammatical construction of this sentence would seem to authorize the service by any competent witness in either of the modes designated.   From the punctuations, the "person competent to be sworn" follows the enumeration of both modes of service, saying, in effect, that such person may serve in either of the modes.   But the criticism to which this view is subject is, that if it was designed by the framer of the act to authorize "any person" to make the service in either of the methods pointed out, what was the necessity or object in saying, "or by delivering a copy of the same to the appellee," as this latter mode of service was already included within the first specification?   Rev. Stat., sect. 2861. Its repetition in the second alternative mode would have been meaningless, and the merest surplusage.   Mere grammatical exactness, like the matter of punctuation, must often yield to the more obvious mind of the draftsman, and the legal acceptation of the terms employed. In this view the service, when made by the "any person," must be by delivering a copy of the notice to the appellee; and the other "manner," as in case of the original summons, must have reference to a service made by an officer.

Conceding, therefore, to appellant that the notice

could be served by an officer, two questions arise : First, by what officer, and second, what is the legal effect, as matter of evidence, of the return he makes ? The statute says : "In like manner as an original writ of summons." The officer designated by law for service of the summons, issued, in this action, from a justice's court, is the constable. Rev. Stat., sect. 2858. The sheriff has nothing to do with serving such process. But, conceding this to be a generic term, we are quite certain that his return can not be held to be conclusive. As already stated, the notice is not original process ; neither is it *mesne* process, any more than a notice of suing out a writ of error to the supreme court. The term, *mesne* process, has no application to such a notice. Bouv. Dic. Title "Process." The mere "manner" of service is limited to how service may be made, and does not change the character of the instrument served, so as to impart to it the quality of a writ of summons. Nor does the statute say that it, or the return, shall have the same or like effect as in case of writ of summons. It pertains only to the mode, the way in which the notice may be given. Had it been the mind of the legislature to impart to an officer's return to these mere notices, the quality and dignity of a return to a writ issuing out of and under the sanction of a court, why did the same legislature, in the revision of 1879, as in section 2458, Revised Statutes, concerning service of notice of demand in unlawful detainer, declare that : "When the demand shall be made by an officer authorized to serve judicial process, his return shall be *prima facie* evidence of the facts therein stated."

It would, therefore, seem that, but for this express statutory provision the return would not be even *prima facie* evidence of the facts recited. It is not tenable to say that this special provision was designed as a limitation or restriction on the general evidential effect of the officer's return. Had such been in the mind of the framer of the law, he would have employed some apt

language indicative thereof, such as, the return shall be *only prima facie* evidence. The same section makes the sworn return of service by any other person also *prima facie evidence;* clearly indicating that the provision was designed to confer a new and enlarged effect upon such returns. The conclusion reached by us is well sustained in other jurisdictions. *Bank v. Buel,* 17 How. Pr. 499; *Hathaway v. Goodrich,* 5 Vt. 65; *Davis v. Clements,* 1 N. H. 390.

II. It is next insisted by appellant that the statement filed before the justice is defective in form and substance. We will not consider this objection. This question has been expressly determined against the contention of appellant in *Cooksey v. Railroad* (17 Mo. App. 132).

The only question for review, where the judgment of the justice is affirmed by the circuit court, as in this case, is, did the circuit court err in sustaining the motion for affirmance? As it did not err, it follows that the judgment must be affirmed. It is so ordered. All concur.