Spear, J.
It appears by the record that the executors were appointed, gave bond and so qualified as such, June 21, 1902. They thereupon caused to be published notice of their appointment in the New Lexington Tribune, a newspaper published and of general circulation in the county of Perry, for three consecutive weeks, beginning June 26, 1902, and continuing in the issues of July 3 and July 10 following. Proof of this publication was filed in the probate court August 24, 1903, and not before. As mentioned in the statement, the plaintiff’s action was commenced October 21, 3904, being two years and four months after the date of the giving of the bond and the due qualification of the executors, but within one year and *228 two months after the filing of the proof of notice in the probate court.
The issue being the two years’ statute of limitation, the concrete question is, at what date did the statute begin to run? An answer to this calls for some examination of the statutes bearing upon the subject. Provision in respect to the giving of notice of appointment is made by sections 6088 and 6089 of the Revised Statutes, which are: “Every executor or administrator shall, within three months after giving bond for the discharge of his trust, cause notice of his appointment to be published in some newspaper of general circulation in the county in which the letters were issued for three consecutive weeks. An affidavit of the executor or administrator, or of the person employed by him to give such notice, being made,* filed and recorded, together with, a copy of the notice in the probate court, within one year after giving bond as aforesaid, shall be admitted as evidence of the time, place, and manner in which the notice was given.” Further provision relating to proof of notice by section 6126 is to the effect that if notice shall not be given of the appointment within the three months, or the evidence shall fail to be perpetuated as hereinafter provided, and can not be made, the court may order and allow such notice to be given at any time afterward, in which case the periods which are limited for the commencement of actions against executors and administrators, and which begin to run as before directed from the date of the administration bond, shall begin to run respectively from the time such order of court is made, if notice be published according thereto. As to actions' already accrued *229 the limitation is provided for by section 6113,. which- is: “No executor or administrator, after having given notice of his appointment as provided in this chapter, shall be held to answer to the suit of any creditor of the deceased unless it be commenced within two years from the time of his giving bond as aforesaid, excepting in the cases hereinafter mentioned.” The exceptions thereafter mentioned relate only to causes of action which accrue after two years from the time of the giving of the bond, and hence are not applicable to the case at bar.
It is apparent that this is a special statute applying to a particular subject matter. It is further apparent that ,the general purpose of the statute is to facilitate the settlement of estates of deceased persons, and, in aid of that purpose, to limit the bringing of actions against such estates to the period of two years from the giving of the bond provided proper notice of appointment is given, and where the notice has not been given within the time directed, or proof of the same can not be made, the order of the court is made to take the place, in legal effect, as regards the statute of limitations, of the giving of the bond. It is equally apparent, as has been often held (see opinion of Granger, C. J., Jones v. Jones, 41 Ohio St., 417), that this statute is “upon a footing somewhat different from the ordinary statute of limitations behind whose bar the debtor himself may take refuge, and that its provisions should be construed in furtherance of the main purpose and intent of the entire statute.” The circuit court held, and counsel for defendant in error now insist, that *230 proper notice was not given in this case, because proof of the notice of appointment which was published was not filed in the probate court within the time contemplated by section 6089, to-wit : within one year after the giving of the bond, and this is the principal point of contention in the case. Its proper solution depends, as we think, upon an ascertainment of the purpose of the notice and the purpose of requiring proof .of it to be filed in the probate court. Manifestly the object intended to be attained by the notice is that creditors, and all interested, may be apprised of the appointment and thus put upon notice of the necessity of diligence in the preservation of their rights against the estate. How this matter of information to creditors could be materially aided by the presence among the files in the probate court, or on the record, of an affidavit of publication, it is not easy to see, for an examination of the files and record generally in the matter would give to the inquirer full information respecting the appointment without resorting to the proof of publication. But beside this,, creditors are not presumed to search the files or record of the probate court to ascertain the appointment of executors or administrators. Surely they are not required so to search and are not guilty of laches if they fail to do it. This being so, it follows, as we think, that the requirement as to the filing and recording of the proof is for the benefit and protection of the executor or administrator, and not for the benefit or enlightenment of creditors. Section 6126 strikes the keynote when it in terms treats the filing of the proof of notice in the probate court as a meth *231 od of perpetuating evidence, and its declaration is of special significance as throwing light upon the general purpose - of that provision of the statute. It is true that section 6089 provides that the proof being made in the probate court within one year after giving bond shall be admitted as evidence, but it is nowhere provided that other evidence showing the same fact should not be given, nor that the notice shall be ineffectual if the proof be not made within one year. In other words, the proof to be made in the probate court forms no part of the notice required to be given, and if not part of the notice then it follows that the due publication completes the notice, and the imperative-words of the statute control: “No executor or administrator, after having given notice of his appointment, shall be held to answer to the suit of any creditor unless it be commenced within two years from the time of giving bond.”
The precise question has not been, so far as we are aware, before presented to this courts But our statute on the subject is, in large measure, a reproduction of the statute of Massachusetts, and that statute has been construed by the supreme judicial court of that state in two cases. Neither is precisely analogous on the facts, but the same principle of law is involved in each. In Green v. Gill, Exr., 8 Mass., 111, the executor offered parol evidence that he had given the notice required by statute, but it did not appear that he had made and filed an affidavit of such notice in the probate office. The court held that the provision as to filing proof in the probate office was for the convenience of the executor or administrator, and that *232 other evidence of the fact was competent. The bar of the statute was maintained. Again in Henry v. Estey, Admr., 13 Gray, 336, a similar question arose. No affidavit of the administrator that he had given notice of his appointment, as required by statute, had been filed and recorded. Proof was allowed to be given of the fact by the testimony of other witnesses. This was held not to be error, the court remarking that the mode of perpetuating the evidence of such notice by the filing of an affidavit is merely a cumulative provision for the benefit of the administrator, but his failure to do so does not preclude him from resorting to other evidence to establish the fact of notice. These decisions, while not necessarily binding upon the courts of this state, are strongly persuasive in view of two considerations. They are decisions of a court of very high standing and authority and have material application to the case at bar because of the rule that where a statute adopted from a sister state has received a settled construction in that state, such construction will in general be followed by the courts of this state. Favorite v. Booher’s Admr., 17 Ohio St., 548; Ives v. McNicoll, 59 Ohio St., 402; Gale v. Priddy, 66 Ohio St., 400.
It is, however, insisted by counsel for defendant in error, that the statute did' not begin to run against the plaintiff below because of the fact of infancy as set up in her reply. To allow this claim would, we think, be to place an exception in the statute which the general assembly did not see fit to enact. The language is “any creditor.” Courts are not authorized to engraft exceptions to imperative requirements of a statute even though the *233 statute itself may seem harsh or unjust. Favorite v. Booher’s Admr., supra; Hoiles v. Riddle, Admr., 74 Ohio St., 173; Amy v. Watertown, 22 Fed. 418.
It is further insisted that because of the fact that one of the two executors was absent from the state a portion of the time just prior to the corm mencement of the action, that time should have been deducted from the two years, and had that been done the action would have been begun in time. Whatever gravity might attach to this question under differing circumstances we need not discuss; but in the case at bar, the plaintiff having had no difficulty in finding within the state, indeed, as a near neighbor, one of the executors, nor in presenting her claim to him and obtaining adverse action thereon, and having thereupon herself acted upon the rejection thus obtained, and commenced and maintained her action against both, we are of opinion that the absence from the state a portion of the time of one is an immaterial circumstance in the case.
Other objections to the judgment of the court of common pleas are urged. We have considered them, but find no prejudicial error in the record of proceedings in that court. In this connection it may be added that the cross-petition in error of the defendant in error in this case was needless. Where a defendant in error, desires a reversal in part of the judgment of the circuit court, that is, a modification of it, a cross-petition in error is proper; but where the defendant in error simply wishes to urge grounds for the reversal of the trial court other than those upon which the judg *234 ment of reversal by the circuit court was placed, a cross-petition in error is wholly unnecessary.
Our conclusion is that the failure to file in the probate court proof of the notice of appointment within the year, did not prevent the commencement of the running of the statute, and that in holding otherwise the circuit court erred. This conclusion is not required by any previous decision of this court, but, nevertheless, is in accord with the general trend of decisions in cases other than those already cited, viz: Gilbert’s Admr. v. Admr. of Little, 2 Ohio St., 156; Delaplane v. Smith, 38 Ohio St., 413; Gray v. Case School, 62 Ohio St., 1. See, also, Croswell’s Executors and Administrators, 206; Schouler on Executors, section 418.
Judgment of the circuit court reversed and judgment of the common pleas affirmed.

Reversed.

Shauck, C. ]., Price, Crew, Summers and Davis, JJ., concur.