Cited in 1 S. & R., 523.


# John Goodright lessee of Benjamin Gilbert *against* John Probst.

In ejectment for lands sold by a constable for not serving a tour of duty in the militia or procuring a substitute, the vendee must give in evidence the warrant of the lieutenant or sub-lieutenant to the constable to levy the fine, and all the other steps preliminary to the sale, as required by law.

Summary proceedings under a special authority, cannot be too closely investigated.

EJECTMENT for 160 acres of land in Huntingdon and Hempfield townships.

The plaintiff made title to the lands, under two regular patents, founded on warrants and surveys.

The defendant made defence under a deed from William Hughey, constable of Huntingdon township for the lands in question, to Andrew M'Meens, dated 28th August 1778, taken in execution as the property of the plaintiff, for not serving a tour of duty in the militia, or procuring a substitute, under the act of assembly of 30th December 1777, in consideration of 16*31.

The defendant deduced a title by divers mesne conveyance *under M'Meens; but shewed no warrant from the *301] lieutenant of the county, or sub-lieutenant authorizing the sale, nor gave any parol testimony thereof. He rested solely on the constable's deed.

*Per Curiam.* It is indispensibly necessary for the defendant not only to shew the warrant from the lieutenant, or sub-

[Gilbert's Lessee v. Probst.]

lieutenant to the constable to levy the fine, or account for the loss thereof; but also to shew the call of the militia by the president or vice-president in council; the notification of the classes to march by written notices to be left at their usual places of abode, specifying the time and place of rendezvous, and that the lieutenant or sub-lieutenant will hold an appeal at the time and place therein appointed, and all the other steps preliminary to the sale as required by law. Where a special authority is delegated by law, to particular persons, to take away a man's property and estate against his will, there it must be strictly pursued, and must appear to have been so pursued. Cowp. 29. The same doctrine was laid down at Chester, October assizes last, in the case of Marshall's lessee v. Ford, upon a sale by a sheriff in pursuance of a precept issued by the trustee of the loan office, to sell certain mortgaged premises. And it is obvious, that such summary proceedings as the present under a special authority, cannot be too minutely or closely investigated; because otherwise the landed property of every citizen of the state would be-held by a very precarious tenure.

The jury found a verdict for the plaintiff, without withdrawing from the bar.

Mr. Woods, *pro quer.* Mr. J. Ross, *pro def.*