Henry *v.* Tilson.

ALFRED H. HENRY *v.* EDMUND TILSON, JR.

It being required by the statute, that a collector, who commits a person to jail for non-payment of a tax, should certify, upon the copy of his warrant left with the jailor, " his doings in relation to the delinquent," it is necessary, that his certificate should contain all the facts requisite to justify him in making the arrest and imprisonment; and it is not competent for the collector, in an action against him for false imprisonment, to supply the omission of these facts in his certificate by parol evidence.

A statement by the collector in such certificate, that, " after *legally notifying* " the delinquent of the time and place when and where he would be to receive the tax, no goods, &c., being shown to him, or found within his precinct, he arrested the body, &c., is not sufficient, to show that he had given the delinquent the six day's notice required by law.

Public ministerial officers must set forth, in their returns, the acts done by them, that the court may judge of their sufficiency.

TRESPASS for false imprisonment. Plea, the general issue, with notice that the defendant, as constable of Braintree, arrested the plaintiff and committed him to jail, by virtue of several warrants for the collection of taxes legally assessed against him ; which was the trespass complained of. Trial by jury, June Term, 1845,—HEBARD, J., presiding.

On trial the defendant offered in evidence the several warrants described in his special notice, with his returns and the amount of the plaintiff's taxes endorsed thereon ; to the admission of which the plaintiff objected, upon the ground that the returns were insufficient. The returns were similar ; and the defendant set forth in them, that, " after legally notifying " the plaintiff of the time and place when and where he would be to receive his tax, there being no goods, &c., shown to him, nor found within his precinct, he took the body of the plaintiff and committed him to jail, and delivered to the jailor a true and attested copy of the warrant and return ;. and there was appended to each of the returns a memorandum of the amount of the tax and of the collector's fees. No other certificate, or memorandum, was left with the jailor. The defendant, in aid of his returns, then offered parol evidence, tending to prove,

that, prior to the arrest of the plaintiff, he gave the plaintiff six days notice of the amount of his several taxes, and of the time and place when and where he would call to receive them, and that then the defendant had well grounded apprehensions that the plaintiff was about to leave the state without paying the taxes, and that in consequence thereof he arrested the plaintiff and committed him to jail. To the admission of all this evidence the plaintiff also objected; but the objections were overruled by the court.

Other questions were raised upon the bill of exceptions, and were argued by the counsel; but no decision was made in respect to them by the supreme court.

Verdict for defendant. Exceptions by plaintiff.

*E. Weston* and *L. B. Peck* for plaintiff.

I. The certificates, or returns, of the defendant upon the warrants were insufficient. 1. The time he gave the notice and the time and place he would receive the taxes should have been stated, so as to show the sufficiency of the notice, and that six days had elapsed before the arrest and commitment. 2. They should have stated, that he was there at the time and place to receive the taxes, and that the plaintiff neglected to attend and pay.. 3. If he committed the plaintiff, because he had just reason to apprehend that the plaintiff was about removing, &c., he should have so *certified*. 4. He should have certified for·what the tax was raised, and the amount of the tax, and against whom. Rev. St. 373, §§ 4,.9, 10.

II. Parol evidence ought not to have been received in aid of the returns. 1. Because all the doings of the defendant, relative to the plaintiff, should have been shown by the returns, or certificates, on the copies of the warrants, he being required by law so to certify. Rev. St. 373, § 10. 2. Because the defendant, in his notice, states that he left with the jailor, on the copies of the warrants, certificates of his doings relative to the plaintiff; and having so done, he should, by every principle of law and pleading, be confined to the certificates. *McDaniels* v. *Bucklin*, 13 Vt. 279. 3. Having attempted to certify, on the copies of the warrants, one cause for the arrest and imprisonment, the defendant should not have been permitted to show, by parol, another cause for the same.

Henry v. Tilson.

*J. P. Kidder* and *L. B. Vilas* for defendant.

1. The court did not err, in permitting the copies of the warrants, with the amount of the taxes and defendant's return, which he left with the jailor, to go to the jury. It was most certainly necessary for the officer, for his justification, to have left with the jailor an attested copy of his warrant, with a certificate of his doings thereon ; Rev. St. 373 ; therefore, this being his duty, whatever return he might have made in the premises should be proper and legitimate evidence for his justification. *Hathaway* v. *Goodrich,* 5 Vt. 65.

2. Whatever the returns do not prove the defendant may prove by parol. *Hathaway* v. *Goodrich,* 5 Vt. 65. If an officer neglect to make a return of a sale on an execution, he may prove the same by parol. *Gates* v. *Gaines,* 10 Vt. 346.

The opinion of the court was delivered by

HALL, J. Several objections have been made to the verdict in this case; only one of which has been considered by the court.

It appears from the bill of exceptions, that the defendant (in aid of the certificates of the collector upon the copies of his warrants lodged with the jailor) was permitted to introduce parol evidence, to prove that before arresting the body of the plaintiff the defendant had given him six days notice of the amount of his tax, and of the time and place when and where he would attend to receive it; and also, that the defendant had just reason to apprehend, that the plaintiff was about removing out of the town. But the existence of one or the other of these facts was necessary, to justify the collector in arresting the body of the plaintiff; (Rev. St. ch. 77, sec. 2 ;) and the question that arises is, whether these facts must appear in the certificates of the collector upon the jail copies, or whether they may be shown by other evidence.

To sustain the ruling of the court the counsel for the defendant rely upon the case of *Hathaway* v. *Goodrich,* 5 Vt. 65 ; where it was held, that other evidence than the certificate made by a collector upon his warrant, of a seizure and sale of personal property for taxes, might be properly given to the jury. But the decision in that case is put on the ground, that, as the collector was not required by law to make any return of his proceedings on the sale of personal property, his certificate would not be an official act, and consequently no

57

evidence of his proceedings; and the distinction is taken between such a proceeding of a collector, where no certificate of his doings was required, and the return of an officer upon a process made in obedience to the requisitions of law. If such return had been required by law, it was conceded, that parol evidence would have been inadmissible, to prove the facts which should have appeared by the return.

By sec. 10 of chap. 77 of the Revised Statutes it is provided, that, when any person shall be committed for taxes, " the constable shall leave with the keeper of the jail an attested copy of his warrant, *and shall certify his doings thereon in relation to such delinquent.*" The collector, in this case, being required by law to certify his doings upon the jail copies, it would seem to follow, in conformity with the reasoning of the court in *Hathaway* v. *Goodrich,* and in accordance with acknowledged rules of evidence in analogous cases, that his certificate of his doings as a public officer should constitute the proper evidence of his proceedings, and that such proceedings should not have been allowed to be shown by other proof.

If the facts necessary to the justification of the collector in arresting the body of the plaintiff sufficiently appeared in his certificates upon the jail copies, possibly the error in the admission of parol evidence might be disregarded, as being immaterial to the issue. But, on looking into the certificates, they are found to be deficient in that respect. None of them mention any thing in regard to the apprehension of the collector that the plaintiff was about removing from the town ; but they all state, nearly in the same words, that, " after *legally notifying him* of the time and place when and where the collector would be to receive the tax," and no goods, &c., being shown to him, or found, he arrested the body, &c. This general statement, that the collector had given the plaintiff *legal notice*, we think insufficient, to show that he had given him the six days notice required by law. It is recognized by the court, in *Briggs* v. *Whipple*, 7 Vt. 18, as a well established principle, that a general allegation, by a collector, that he had *proceeded according to law*, would be insufficient, where any statement of his proceedings was necessary. It seems, indeed, to be well settled, that public ministerial officers must set forth the acts done by them, that the court, and not themselves, may judge of their sufficiency. *Perry* v. *Dover,* 12 Pick.

206. *Purrington* v. *Loring,* 7 Mass 392. *Wellington* v. *Gale,* 13 Mass. 483.

The statute making it the duty of the collector to certify on the copy of his warrant, lodged with the jailor, "his doings in relation to the delinquent" tax payer, we think his certificate should contain all the facts necessary to justify him in making the arrest and commitment. In this case, such facts not being certified, the judgment of the county court is set aside and a new trial granted.