HILLYER v. FARNEMAN ET AL.

VAN GORDER, ADM'R, v. HILLYER ET AL.

1. **Tax Sale and Deed:** PUBLISHED NOTICE TO REDEEM: TO WHOM DIRECTED.   Where land has been sold for taxes, and, when the notice to redeem is given, it is taxed by mistake in a wrong name, and the notice is given by publication only, it must be directed to the person in whose name the land is taxed.   If addressed to another, though that other be the real owner, a tax deed issued pursuant thereto will be invalid.

*Appeals from Audubon District Court.*

FRIDAY, DECEMBER 5.

THESE cases are submitted together as involving the same question of law.   The question presented is as to the validity of certain tax deeds.   The plaintiff, Sarah J. Hillyer, holds under the tax deeds, and the first action is brought by her to quiet title against Isaac Farneman and Cornelius Conover, as claiming to hold under the patent title.   H. E. Long

intervened as a purchaser from Conover. The second is brought by Charles Van Gorder, administrator, to foreclose a mortgage executed upon the land by Sarah J. Hillyer. To that she was made defendant as mortgagor, and Isaac Farneman, Cornelius Conover and H. E. Long were made defendants, as claiming some interest in the land. A decree was entered in the first case sustaining the tax deeds and quieting the plaintiff's title, and in the second case foreclosing the mortgage as against all the defendants. Farneman, Conover and Long appeal in both cases.

*H. E. Long,* for appellants.

*Hanna & Matthews* and *Holmes, Nash & Phelps,* for appellees.

ADAMS, J.—The tax deeds are assailed upon several grounds, but it will be necessary to consider but one, and that is the alleged insufficiency of the expiration notice. The notice was given by publication, and ran to Isaac Farneman and Cornelius Conover, who were at that time the owners of the land. It appears, however, that the land was taxed in the name of " Farnum & Conover." Whether there was a person by the name of Farnum, to whom it was designed to tax the land, does not appear; but it seems not improbable that the name of Farnum was used by mistake for Farneman. This theory would be as favorable as any for the appellees, and we shall treat the case as if such was the fact. We have the question, then, whether, if land is taxed by mistake in a wrong name, and the expiration notice is given only by publication, the published name should be that of the owner, or that in which the land is taxed. In our opinion it should be that in which the land is taxed.

While it is true that the object is to give actual notice, if possible, to the owner, the statute does not require notice of any kind to be given to him. In many cases it would be difficult for the holder of the certificate to discover the

owner, and in some cases, doubtless, impossible. The legislature, therefore, very properly provided that notice should be given to the person in whose name the land is taxed. Code, § 894. Where the land is taxed in any name, the duty of the certificate-holder, as we view it, is definite and certain, and easily performed. Any ruling which should render it uncertain would only lead to mistakes, and that, too, in a matter in which it is of the gravest importance that there should be no mistakes. Possibly, if actual service should be made upon the owner, he should not be heard to complain, however deficient the service might be in other respects; but we do not wish to be understood as intimating an opinion that he should not. It would be a grave question as to whether the courts could sanction a substituted notice on the ground that it is as good as or better than that provided by statute. But the notice in question was given by publication. At best, it was only constructive notice, and we think that it should have conformed to the statute by running nominally to the person in whose name the land was taxed. If it had so run, it would, unquestionably, have been good. But we cannot hold that a published notice running to the owner would also be good, without holding that the notice may run either to the person in whose name the land is taxed or to the owner; and, if the notice does not run to the person in whose name the land is taxed, but to some one else, that the treasurer, when called upon to execute a deed, must either determine whether the person to whom it runs is the owner, or execute the deed upon mere demand. If A. B.'s land is taxed in the name of C. D., and the expiration notice is given by publication, we think that the owner has a right to assume that it will run to C. D., and govern himself accordingly.

In our opinion the tax deeds are invalid, and the decrees in both cases must be

REVERSED.