WILSON v. RUSSELL ET AL.

1. **Tax Sale and Deed:** IMPERFECT NOTICE TO REDEEM: SERVICE ON WRONG PARTY: LIMITATION OF ACTION TO REDEEM. In an action to redeem eighty acres of land from a tax sale and deed, it appeared that the notice of expiration of time of redemption, which was served by publication, described only two and one-half acres of the land, and that it was addressed to James T. Wilson, while the name of the plaintiff, who was in possession at the time, was J. D. Wilson. *Held* that a deed made upon such notice did not cut off plaintiff's right to redeem, and did not cause the statute of limitations to run against him. (Compare *Hillyer v. Farneman,* 65 Iowa, 227, and *Slyfield v. Barnum,* 71 Id., 245.)

2. **Appeal:** PRACTICE: ABSTRACT: WRONG NAME OF TRIAL JUDGE. The fact that appellant's abstract incorrectly designates the judge who certified to the evidence can have no effect upon the determination of the case.

*Appeal from Ringgold Circuit Court.*

TUESDAY, DECEMBER 13.

ACTION to quiet the title to land. There was a decree for defendants, upon a demurrer to their answer being overruled. Plaintiff appeals.

*J. W. Brocket,* for appellant.

*Laughlin & Campbell,* for appellees.

BECK, J.—I. The petition alleges that plaintiff is the owner of the patent title of the land in controversy,—eighty acres; that defendants claim title under a quit-claim deed from one to whom the land was conveyed by the county treasurer under a tax sale; that the land was taxed to plaintiff at the time the notice of the expiration of redemption was given; that such notice described only two and one-half acres of the land, and was addressed to James T. Wilson, and that the notice was not in fact served as shown in the proof of service thereof. The answer of defendant admits

<span>1. TAX SALE and deed: imperfect notice to redeem: service on wrong party: limitation of action to redeem.</span>

these facts, but, in avoidance thereof, pleads the statute limit-
ing actions to recover land conveyed by tax deeds. A de-
murrer to this answer was overruled.

II. The demurrer should have been sustained. As to all
the land, except two and one-half acres, there was no notice
at all. As to that much of it, the notice was not directed to
the persons to whom the land was taxed. The statute of lim-
itations, under the decisions of this court, does not cut off
the right of redemption of plaintiff, the owner of patent title.
(*Hillyer v. Furneman*, 65 Iowa, 227; *Slyfield v. Barnum*,
71 Id., 245.)

An amended abstract filed by defendants shows that the
plaintiff's abstract incorrectly designates the judge making the
2. APPEAL: certificate of the evidence. This matter can have
practice : ab-
stract: wrong no effect in the determination of the case, as it is
name of trial
judge. of no importance. The abstract would be good
without giving the name of the judge who certified to the
evidence.

The decree of the circuit court is reversed, and the cause
will be remanded for a decree in harmony with this opinion.

REVERSED.