C. M. SWAN v. I. A. HARVEY, Appellant.

Tax Deed: REDEMPTION: *Notice to redeem.*    Execution of a tax
deed cannot operate to cut off the right of redemption, where
proper notice of the expiration of the period of redemption is
not served.

WHEN TITLE NEED NOT BE PROVEN TO ATTACK.    Code, section 1445,
providing that "in all actions involving the title to real estate
claimed and held under a (tax) deed, * * * the person
claiming title adverse to the title conveyed thereby shall be

required to prove, in order to defeat the title, either that the real property was not subject to taxation, * * * or that there had been an entire omission to list or assess the property; * * * but no person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale, or that the title was obtained from the United States or this state after the sale," etc.,—does not apply to a tax deed issued without service of proper notice of expiration of the period allowed for redemption, and such a deed may be attacked without proving title.

JUDGMENT CREDITOR MAY BE REDEMPTIONER.   A judgment creditor may redeem from a tax sale land on which his judgment is a lien.

*Appeal from Woodbury District Court.*—HON. JOHN F. OLIVER, Judge.

FRIDAY, MAY 16, 1902.

ON the tenth day of March, 1891, after it had been assessed, the south one-half southwest one-fourth of section 12, township 89 range 47, then owned by the Sioux City Land Company, was platted into 14 blocks, of 30 lots each, with streets and alleys.   May 5th following all but 20 of the lots were conveyed to the Leeds Improvement & Land Company.   December 5, 1892, the 80-acre tract was sold as such for the taxes of 1891.   October 3, 1893, the plaintiff obtained judgment against the Leeds Improvement & Land Company, on which about $700, with interest, remains unpaid.   A tax deed, under which defendant claims, was executed April 20, 1896, though without the service of notices such as are exacted by the statute, and this action is brought to redeem, therefrom.   The relief prayed was granted, and defendant appeals.—*Affirmed.*

*Geo. M. Pardoe* for appellant.

*Swan, Lawrence & Swan* and *Edwin J. Stason* for appellee.

LADD, C. J.—The record shows that the Leeds Improvement & Land Company was entitled to notice of the expiration of the period of redemption before the tax deed was issued to the defendant, but that none was served. The plaintiff's judgment was rendered after the tax sale, but before the execution of the tax deed, and the sole question presented on this appeal is whether the judgment lienholder has the right to maintain an action to redeem. If such a lienholder may redeem before, we do not see why he may not after, the issuance of a deed under such circumstances. In *Slyfield v. Barnum,* 71 Iowa, 245, the court said: "Unless the notice has been served on the person in whose name the land is taxed, he is not authorized to execute a deed. The deeds in question, then were executed without authority. They are not absolutely void, it is true, for they operate to transfer the title to the lands to the grantees. But they did not have the effect to terminate the right of redemption, and the title conveyed by them was subject to be defeated by the exercise of that right, and as long as a right to redeem the land exists, there is no completed sale. The settled rule is that until there is a completed sale the period of limitation presented by the statute does not begin to run." *Wilson v. Russell* 73 Iowa, 395; *Hillyer v. Farneman,* 65 Iowa, 227; *Cornoy v. Wetmore,* 92 Iowa, 100; *Shelley v. Smith,* 97 Iowa, 259; *Railway Company v. Kelley,* 105 Iowa, 106; *Bradley v. Brown,* 75 Iowa, 180.

Appellant insists, however, that before an action to redeem can be maintained title must be established as required by section 1445 of the Code. The portion of that section in question may be set out: "In all actions involving the title to real estate claimed and held under a deed executed substantially as aforesaid by the treasurer, the person claiming title adverse to the title conveyed thereby shall be required to prove, in order to

defeat the title, either that the real property was not sub-
ject to taxation for the year or years named in the deed,
that the taxes had been paid before the sale, that the prop-
erty had been redeemed from the sale and that such re-
demption was had or made for the use and benefit of
persons having the right of redemption, or that there had
been an entire omission to list or assess the property, or to
levy the taxes, or to give notice of the sale, or to sell the
property; but no person shall be permitted to question the
title acquired by a treasurer's deed without first showing
that he, or the person under whom he claims title, had
title to the property at the time of sale, or that the title
was obtained from the United States, or this state after the
sale." It will be observed that the matters enumerated
one of which must be negatived are precisely those of which
the tax deed is made presumptive evidence by the preced-
ing section. But the termination of the right to redeem by
the service of a proper notice is not one of these, and is
mentioned in neither section. Suppose all the facts are
as represented by the deed, and yet the right to redeem
has never been cut off, would the owner of the fee be de-
prived of any remedy? Such would be the unavoidable
result were the section quoted held applicable to uncom-
pleted sales. Under it the repayment of taxes, interest,
and penalties may be exacted as an incident or as a condi-
tion of setting aside the tax deed, but the object to be
attained is not redemption, but the defeat of a deed "exe-
cuted substantially as aforesaid by the treasurer"; that is,
"after the expiration of the 90 days from the date of the
completed service," in accordance with the provisions
of section 1441. Unless the right of redemption is termin-
ated the issuance of the treasurer's deed is no obstacle to
the exercise of that right. It merely changes the remedy. Be-
fore its execution redemption can be made by payment to
the auditor. "Any person entitled to redeem lands sold
for taxes after the delivery of the deed shall do so by an

equitable action in a court of record." Section 1440, Code. Manifestly any one who could have protected an interest in or lien on land before the tax deed issued may avail himself of this remedy afterwards unless the right to redeem has been terminated in the manner pointed out by statute. There are cases like *Bowers v. Hallock*, 71 Iowa, 218, and possibly others, in which the above section is quoted as being applicable to such a case but it will be found upon examination that in all the right to redeem was based on title, and that, regardless of the above statute, title must have been proven in order to establish any interest in the land. It could then have had no material bearing; otherwise the cases relied on by appellant are not in point.

II. That a judgment creditor may redeem from the tax sale of land on which his judgment is a lien is not open to serious question. Text writers lay this down as the rule in their works on taxation, and it has been recognized in several decisions of this court. See Cooley, Taxation, 538; Black, Tax Titles, section 365; Blackwell, Tax Titles, 482. Thus in *Adams v. Beale*, 19 Iowa, 61, in holding that the homestead interest of the wife of the head of a family was real property, under chapter 173 of the Acts of the Ninth General Assembly, the court, through Cole, J., said: "Where land has been mortgaged to secure a debt and judgment creditors have liens upon it, and the land is in possession of a stranger to the title, whose possession is ripening into a right, each is an owner according to the extent of his interest and claim, and each has a right to protect his interest by a redemption from a tax sale. Blackwell Tax Titles, 496; Id. (2d Ed.) 423. Any right which, in law or equity amounts to an ownership, in the land, any right of entry upon it, to its possession or enjoyment, or any part of it which may be deemed as an estate, makes a person an owner, as far as it is necessary to give him the right to redeem." See, also, *Byington v. Buckwalter*, 7 Iowa, 512;

*Byington v. Rider,* 9 Iowa, 566; *Foster v. Bowman,* 55 Iowa, 237; *Burton v. Hintrager,* 18 Iowa, 348; *Cummings v. Wilson,* 59 Iowa 14; *White v. Smith,* 68 Iowa, 313.

The conclusion reached by the district court was correct, and it is AFFIRMED.