FIRST NATIONAL BANK OF SLEEPY EYE, MINNESOTA, a Corporation, Appellant, v. MOHALL STATE BANK, et al. AMERICAN INVESTMENT COMPANY, a Corporation, Respondent.

(206 N. W. 411.)

**Taxation — after service of notice of expiration of period of redemption served on resident in whose name lands are assessed, other service need not be made; after such notice. tax deed duly executed is valid and extinguishes liens of prior mortgages of record.**

1. Where the holder of a tax certificate presents it to the county auditor and asks that a tax deed issue to him, and a notice of the expiration of the period of redemption, containing the recitals of facts required by the statute, chapter 63, Laws Sp. Sess. 1919, to be incorporated therein, is served on a resident of this State "in whose name such lands are assessed," the service is

---

Note.—(1) Notice of expiration of time for redemption, see 26 R. C. L. 431 et seq.

(3) As to who are entitled to notice to redeem from tax sale, see annotation in 44 L.R.A.(N.S.) 666.

made on the owner of the land, within the statute, supra, and service by publication, or by mail, or upon the person or persons occupying the land, when other than the one in whose name it is assessed, need not be made. Such notice having been given, a tax deed duly executed thereafter is valid and operates to extinguish the liens of prior mortgages of record upon the property.

**Taxation — burden to show land not properly advertised is on person attacking deed; evidence held not to rebut presumption of regularity.**

2. For reasons stated in the opinion, it is held that the proceedings prior to the execution of the tax deed, including the proceedings for the sale of the property, and the issuance of the tax certificates, were regular and proper.

**Taxation — notice of expiration of time to redeem need be given to mortgagees or assignees only when they have filed statement with auditor asking or demanding such notice.**

3. Notice of expiration of the time to redeem, required by chapter 63, Laws Sp. Sess. 1919, to be given all "mortgagees or assignees of mortgagees holding unsatisfied record mortgages," need be given only when such mortgagees or assignees have filed a statement with the Auditor, asking or demanding that such notice be given.

Opinion filed November 2, 1925.

Taxation, 37 Cyc. p. 1398 n. 98; p. 1400 n. 21; p. 1460 n. 60; p. 1461 n. 64; p. 1476 n. 66.

Appeal from the District Court of Renville County, *Burr, J.*
Affirmed.

*Langer & Nuchols,* for appellant.

"The tenant occupying under lease is in possession of the land and should be served with notice to this effect." 37 Cyc. page 1398.

"Tenants of actual possession of a portion of the land are tenants in possession and entitled to possession." See National F. Ins. Co. v. McKay, 5 Abb. Pr. N. S. 455.

"All occupants must be served." N. Y. v. Nunez, 101 Misc. 375, 166 N. Y. Supp. 1049; Wallace v. Sache, 118 N. W. 360; Pomroy v. Beetle, 165 N. W. 963.

"Service on a partner of the person in possession is not sufficient." Gage v. Reid, 118 Ill. 35, 7 N. E. 127.

*H. H. Steele,* for respondent.

To cancel and set aside a tax sale and levy in equity the complaint

must show a tender. The legal portion of the tax must be tendered as a condition to equitable relief. 13 N. D. 467, 101 N. W. 919.

A party may own land and nobody on the face of the earth know it except that owner, unless he publishes it or places his title of record. It is unreasonable to require service of process upon such owner, except as is provided by statute. Hodgson v. State Finance Co. 19 N. D. 139; Bradley v. Brown, — Iowa, —, 39 N. W. 258.

The requirements of statutes effecting tax titles are absolute. The courts have no power or authority to dispense with the positive requirements of the statute. Even if land was, by mistake, assessed and taxed in the wrong name, courts hold that the notice should be directed to the person in whose name the land is taxed, and that if directed to another, though that owner be the real owner, the tax deed in pursuance of such notice is invalid. Hillyer v. Farneman, 65 Iowa, 227, 21 N. W. 578.

Notice to one partner in reference to any matter relating to a transaction within the ordinary scope of the firm's business, is notice to the other partners. 30 Ency. 530; 8 Cal. 113; 19 Iowa, 451; 36 Minn. 15.

Johnson, J. Defendant Dalton was, on September 15, 1914, the owner of the land covered by the mortgage sought to be foreclosed. On that date he executed a mortgage which, through various assignments, was acquired by the plaintiff. It was a first lien. The Mohall State Bank had a second mortgage, which it foreclosed in May, 1920, but a sheriff's deed was not issued at the end of the redemption period. Plaintiff commenced this action to foreclose its first mortgage in March, 1922. On August 4, 1921, the defendant, American Investment Company, applied for a tax deed, and a tax deed was executed on or about December 7, 1921. The grantee in the tax deed contends that the rights of the other defendants have been lost through the tax sale proceedings which culminated in the tax deed; the codefendants, except Dalton, who defaulted, counter with the contention that the tax deed is void because governing statutes were not followed. This constitutes the main issue in the case.

Judge Burr in deciding the case in favor of the American Investment Company, prepared and filed a memorandum decision which

53 N. Dak.—21.

deals fully with every issue in the lawsuit, and correctly disposes of the legal questions raised. We set his opinion out in full and adopt it as the opinion of this court.

"The plaintiff's claim rests on a first mortgage on the land in question. The plaintiff makes no claim of any agreement with the American Investment Company, or that an agreement which may have been made by and between the receiver and the American Investment Company, would inure to its benefit. It is clear, therefore, that if the tax deed of the American Investment Company is good, the plaintiff has lost any interest it may have had in the land, or any lien on the land. If the tax deed was not rightfully issued then the plaintiff would have a right to redeem from the tax sales. That is if the tax deed should be set aside, because of an irregularity in its issuance then the plaintiff's lien has not been destroyed and it would have a right to redeem. This does not say, however, that any agreement made between the receiver and the American Investment Company, for assignment of the right of American Investment Company would help the plaintiff. Such an agreement, if established, would merely substitute the receiver for the American Investment Company, and require the American Investment Company, to quitclaim or otherwise transfer its interest.

"The claim of the Mohall State Bank is to the effect that while the tax certificates of sale were in existence and before the tax deed was issued, it had foreclosed its mortgage and had received the certificate of sale on said foreclosure; that it had taken possession of the land involved during the period of redemption and had rented the land to Witt Brothers, and that these tenants were in possession of the land under such rental agreement at the time the American Investment Company, applied for its deed, and that no written notice of the application of the American Investment Company for the tax deed was given it by the county auditor, or by the American Investment Company. The bank, during all this time, was in the hands of the receiver. The bank further claims that independent of this there was an agreement with the American Investment Company that it would assign its tax certificates to the bank and permit the bank to get the tax deed.

"The claim of the American Investment Company is that the land was regularly listed for taxation, was assessed, that taxes were levied and unpaid, that the land was duly advertised for sale and at the tax

sale was bid in by the American Investment Company, that after the expiration of three years from the time of issuance of the certificate that it applied to the county auditor for tax deed, that the county auditor gave the required notices and that the county auditor thereafter issued his tax deed to it, and that under and by virtue of said tax deed it is now the owner of the land free from any claim on the part of any of the other parties.

"It is apparent, therefore, that the main issue to be determined is the validity of the tax deed. If the tax deed be irregularly issued, then it must be set aside and this gives all the other parties an opportunity to redeem. If the tax deed was issued regularly then all we are required to determine is whether or not there was an agreement between the Receiver and the American Investment Company regarding an assignment of the latter's rights.

"There is no dispute but what a tax deed was in fact issued, and under the provisions of § 2206 of the Compiled Laws of 1913, such deed, 'shall be conclusive evidence of the truth of all the facts therein recited and prima facie evidence of the regularity of all the proceeding from the assessment and valuation of the land by the assessor up to the execution of the deed.' Under this question of 'exclusive evidence' and 'prima facie evidence' we are concerned rather with the facts which go to the question of the tax sale. As to these, this deed is 'prima facie evidence' of the regularity of the proceedings. This means that the burden of proof is upon the one who attacks the tax deed and such a person must show that the land was not properly advertised for sale, or that there was some other defect. Both banks have failed to do so. It is true the plaintiff was unable to produce and the county auditor was unable to produce all the records showing the tax sale; but the tax list was introduced and shows the land listed for sale, the record shows the county commissioners designated the Tolley Journal as the paper to print the delinquent tax list and thereafter said Journal furnished its bond, the tax sale was had, the publication bill presented and paid and the pleadings do not really raise the issue. The deed being prima facie evidence of the regularity of these proceedings we cannot find that there is any proof showing that the tax list was not in fact published. I presume a copy of the journal could have been obtained had the parties expected that matter to come up, al-

though it was intimated that the paper is now out of existence. Owing to the fact that the court house is a converted store building and several offices have to crowd their records into one small vault it is remarkable that the officers are able to keep their records as accurate and accessible as they do. In view of the whole situation, the court finds that all of the preliminary steps up to the issuance of the deed were taken regularly and this includes the question of notice to all the parties entitled to the notice. The deed itself is 'prima facie evidence' of the regularity of these proceedings; but as these have been specially attacked we will dwell on the question of notice. The law requiring 'notice of expiration of period of redemption' is found in § 2223 of the Comp. Laws of 1913, as amended and re-enacted by chapter 233 of the session Laws of 1919, and again amended and re-enacted by chapter 63 of the Laws of the Special Session 1919, found on page 109. This latter law is the only one we need consider. There has been some question as to the method of service and as to who is entitled to service. When we look at this statute carefully we find that there are two methods of service provided for, because there are two possible classes—a resident of the state and a nonresident of the state. Naturally, if notice is to be given to either or both of these parties, there must be different methods provided for. The law requires the auditor to prepare 'a notice to the person in whose name such lands are assessed, and to all mortgagees or assignees of mortgagees,' but we find that as to the 'mortgagees and assignees of mortgagees' notice need not be given to them unless they 'file with the county auditor a statement in writing' requiring that notice be given them. As the mortgagees in this case did not do this, we will omit that part of the procedure from consideration. Now, this 'notice to the person in whose name such lands are assessed' must be served personally upon the owner if the owner be known to be a resident of the state: but if the owner be a nonresident, then service is made by doing three things—addressing a copy of said notice to the owner and sending it by registered mail to his last known post office address; publishing the notice 'once in each week for three consecutive weeks in some newspaper etc.;' and service of such notice 'upon the person in possession' of the land. It is the claim of the plaintiff that this is not the proper division; that publication and service upon the one in possession must be made

even in cases where the owner is a resident of the state. It seems to the court that this is not the correct view. The only ones interested in the application for the tax deed are the owner and any mortgagees or lien holders. These mortgagees can get notice if they require it and if they do not require it, then the only one interested is the owner. Now if the owner is personally served there is no necessity for mailing him a copy of the notice or of publishing the notice. It is only in case personal service cannot be had in the state that resort is made to substituted service and such substituted service requires the three things already stated. The fact that the county auditor in this case in an excess of caution had the notice published or at least served on the one in possession does not alter the law. That our view is the correct view appears from the case of Hodgson v. State Finance Co. 19 N. D. 139, where our supreme court, on page 142, 122 N. W. 336. construes the section involved. This section involved is the same as § 1289 of the Revised Codes of 1899, and a reading of this § 1289. shows that the provision of service in the laws of the special session of 1919 is word for word identical with the provisions of § 1299, that is, that the provision is the same in both laws. Therefore the case cited is controlling. Now this case cited says, page 142.

'Section 1289 of the Revised Codes of 1899 requires notice to be addressed to the person in whose name the land was assessed, and it requires that this notice be served upon the owner of the land personally, if known to be a resident of the state; but, if the owner be a nonresident, service shall be made by registered letter, addressed to the owner's last-known postoffice address. This service by registered mail is required in all cases where the owner is a nonresident, in addition to service by publication, and in addition to service upon the person in possession.'

"It is clear from this case cited that mailing, publication, and, service upon the person in possession, are required only in case there is no personal service upon the owner, within the state. Now, who is the owner? for it is the owner who is entitled to notice. Mohall State Bank says it was the owner, because it had foreclosed its mortgage and taken possession during the year of redemption and had rented out the land to Witt Bros. It will be noticed Mohall State Bank did not have a sheriff's deed under its foreclosure, though the year of redemption

had expired and it was entitled to apply for a sheriff's deed. John Dalton had been the owner. He was the one 'in whose name such lands are assessed.' He was the owner unless the claim of Mohall State Bank, under its foreclosure is good. Personal service was had upon him on August 5, and personal service of the notice was had upon the Witt Bros., the tenants of the Mohall State Bank on August 5, 1921, and the tax deed was issued about December 7th, 1921. Sections 5257 to 5286 of the Compiled Laws of 1913, define ownership. It appears to the court that the Mohall State Bank cannot claim to be owner of the property until after it had applied for and received its sheriff's deed and was not the owner in this case so as to require the county auditor to serve notice on it. The law does not require the county auditor to look up the owner of the land, to search the records of the register of deeds or to follow out the transfer. It is the duty of the owner to protect his own interest. The law requires the auditor to issue a notice 'to the person in whose name such lands are assessed' and to such mortgagees and assignees of mortgagees as have filed with him 'a statement in writing that he requires such duplicate notice mailed to him.' True, chapter 63 of the Laws of the Special Session of 1919 says: That such copy of the notice 'shall be served by the auditor upon all mortgagees and assignees of mortgagees holding unsatisfied recorded mortgages on said land as shown by the records in the office of the register of deeds,' but a subsequent provision shows that as to such 'mortgagees and assignees of mortgagees' only those who have filed a statement requiring the notice need be served. In other words, the auditor is not required to go to the register of deeds' office to find out who are the 'mortgagees or assignees of mortgagees' entitled to notice; but those 'mortgagees or assignees of mortgagees' whose mortgages are on record in the office of the register of deeds and unsatisfied may require a copy of the notice to be given them by filing such a statement in writing with the County Auditor. Not all 'mortgagees or assignees of mortgagees' are entitled to such notice—only those whose mortgages are on record and are unsatisfied and who have filed the statement in writing. It seems to this court that when we are dealing with the term 'owner' in the matter of the notice of the expiration of time of redemption, we are dealing with the term in a limited sense. It means 'the person in whose name the lands are as-

sessed,' or such other person as gives notice to the auditor. The lands were assessed in the name of Dalton. He received notice by personal service, and the one in possession received notice. Witt Bros. were in possession. They were the tenants of the Receiver. In addition, the receiver himself testified that he had personal knowledge of this application for he says the county auditor told him that the holder of the tax certificates had applied for the deed.

"It is the opinion of the court that the tax deed is valid and being valid, it disposes of all rights of the plaintiff and the defendant Dalton.

"This leaves but one question to be determined, and that is whether the Mohall State Bank has proved an agreement on the part of the American Investment Company to assign the certificates of sale to the bank. There is no proof of any such agreement. The proof tendered falls far short of the requirements. At the very best, there was merely a promise on the part of the Investment Company to consider the suggestion of the receiver as to the assignment. The receiver himself testifies that he would not redeem, and, therefore, he was not prevented from redeeming. He did not intend to redeem. It would not pay him to redeem. If he redeemed, the first mortgage, held by the plaintiff, would still be superior. The only thing he could do, was to get the tax deed, and cut off his own mortgage and the first mortgage. To do this, he was willing to buy the tax certificates and get a tax deed. If he could do this, he could protect the bank's interest; but if he could not do this, the only way he could protect the bank's interest, would be to redeem and then to pay off the first mortgage. This would require too much of an investment. The land was not worth it, and he did not have the available funds. But the American Investment Company did not agree to assign or sell."

The judgment is affirmed.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.