JACOB BIBERDORF, Appellant, v. OTTO A. JUHNKE et al.
KENYON STATE BANK OF KENYON, MINNESOTA, a
Corporation, Respondent.

(228 N. W. 233.)

Opinion filed December 5, 1929. Rehearing denied January 6, 1930.

*Albert Weber,* for appellant.

*Bagley & Johnson,* for respondent.

BURKE, Ch. J. This is an action to quiet title to certain lands in McHenry county, North Dakota. The plaintiff claims under a tax deed issued on the 25th day of March, 1926, on a tax certificate of sale for the nonpayment of taxes for the year 1921.

The defendant, the Kenyon State Bank of Kenyon, Minnesota, claims the right to redeem from said tax sale, under and by virtue of a mortgage dated November 19, 1921, executed by Otto A. Juhnke then the owner of the land to the Gardena State Bank for the sum of $1,500, which mortgage was duly filed for record on November 22, 1921, and was recorded in book 156 of mortgages, page 95, and was on December 5, 1921 assigned to the First National Bank of Minneapolis, and on January 19, 1925, duly assigned by the First National Bank of Minneapolis to the Kenyon State Bank of Kenyon. Both assignments were duly recorded in the office of register of deeds in McHenry County on January 26, 1927. The defendant, the Kenyon State Bank of Kenyon, alleges that it is willing, able and hereby offers to tender, and pay into court, for the use and benefit of the plaintiff, or the person entitled thereto, any and all unpaid and delinquent taxes on said real

estate, commencing with the taxes for the year 1921, together with all interest and penalty and just and proper expenses.

At the trial it was stipulated, that in case the defendant should have judgment for the relief prayed for in defendant's answer, that the amount of taxes, penalty and interest paid by the plaintiff as compiled by the county auditor was correct, and the defendant offered to tender the said amount in court at the trial, or at any time that the court might direct the payment of said taxes. It was further stipulated, that the only point at issue in the action was the sufficiency of the service of notice of the expiration of the time of redemption before the issuing of the tax deed.

The trial court made findings of fact and conclusions of law for the defendant, and from judgment entered thereon, the plaintiff appeals. The only question involved under the stipulation, is: Was there a service of notice of the expiration of the time of redemption from the tax sale as provided by law? Section 2223, Comp. Laws 1913, provides:

"Every person holding a tax certificate shall, at least ninety days before the expiration of the time for the redemption of the lands therein described, present such certificate to the county auditor and thereupon the auditor shall prepare, under his hand and official seal, a notice to the person in whose name such lands are assessed, specifying the description of such lands, the amount for which the same were sold, the amount required to redeem such lands from sale, . . . and the time when the redemption period will expire, which notice the auditor shall cause to be delivered to the sheriff or his deputy who shall serve it personally upon the owner, if known to be a resident of the state, but which may if the owner be a nonresident be given by registered letter, addressed to such owner at his last known post office address, and by publication once in each week, for three consecutive weeks, in some newspaper printed and published in the county where such lands are situated. . . . Proof of notice herein provided for must be filed in the office of the county auditor prior to the maturing of such certificate, and no deed shall issue until such proof has been duly filed."

The notice was issued by the auditor on the 9th day of November, 1925, and the sheriff's return is as follows:

"I Carl Hanson, sheriff of said county, hereby certify and return that the foregoing notice was delivered to me by C. J. Knutson, county auditor, for service and return on the 9th day of November A. D. 1925, that I have made a diligent search throughout my county for the within named Otto A. Juhnke, record title owner, to serve the within notice upon him and that he cannot be found in my county, and that there is no person in actual possession of said land, that I served the within notice upon the Gardena State Bank, mortgagee being a non-resident of the state, by sending a true and correct copy thereof by registered mail to Gardena, North Dakota, his last known postoffice address, as provided by law on the 25th day of November 1925.

"Carl Hanson (Sheriff)"

When the auditor was upon the stand as a witness to tes... ^cy to the tax deed record the attorney for the appellant stated, "I stipulate that exhibit five, being page 39 of tax deed record number five of McHenry county is the auditor's record of the proceedings leading up to the tax deed exhibit one, being number fourteen of the abstract, defendant's exhibit three, and that the same may be received in evidence, together *with the sheriff's return on the back thereof* and affidavit of publication and receipt." Upon this stipulation the record was admitted in evidence, "the auditor's record leading up to the tax deed with the sheriff's return on the back thereof" as heretofore quoted in full.

The return shows that the notice was published and a copy sent by registered mail to the Gardena State Bank, but it does not show that it was served upon Juhnke personally, it does not show that a copy of the notice was sent to Juhnke by registered mail, addressed to his last known postoffice address, it does not show that any attempt was made to make personal service upon Juhnke outside of McHenry county, and it does not show that Juhnke was a nonresident of the state.

"The proof of notice must show with reasonable certainty that requirements of the statute in regard to notice have been complied with." Cooley, Taxn. § 5770.

Section 855, Murfree on Sheriffs, states the rule as follows:

"The purpose designed to be accomplished by the return of process

placed in the hands of the sheriff, is that by it he may show what he has done in the matter, and what he has omitted to do, and why."

Section 857, id.

"It is his duty to act and to return such a statement of his acts to the court, that it can perform its duty and judge of the sufficiency of those acts. The return of the officer is the only competent evidence of the acts he performs, and upon that evidence the court must decide the question of their legality. Perry v. Dover, 12 Pick. 206, 212; Davis v. Maynard, 9 Mass. 242, 246; Merritt v. White, 37 Miss. 438; Wellington v. Gale, 13 Mass. 483, 489; Eddy v. Knapp, 2 Mass. 154; Purrington v. Loring, 7 Mass. 388; Henry v. Stilson, 19 Vt. 447. See also Russ v. Gilman, 16 Me. 209; Williams v. Armory, 14 Mass. 20; Metcalf v. Gillet, 5 Conn. 400; Delaplaine v. Hitchock, 6 Hill, 14; Goodright v. Probst, 1 Yeates, 300."

To the same effect, 4 Jones, Ev. § 1901, p. 3534.

"A return is generally prima facie evidence of those matters which the law requires the officer to certify even as between strangers to the suit. Hence, where an officer performs an act in pursuance of a duty enjoined on him by law, his official statement of its performance is evidence thereof." Jones, Ev. § 1902.

"The weight of authority is to the effect that a sheriff's return is conclusive upon the parties and their privies." Jones, Ev. § 1904.

From the description of the land it is located in the northeast end of McHenry county, and Gardena is only a few miles across the line in Bottineau county.

Since the return does not show any authority for service by publication, and since there was not a completed service by publication it follows, that there was no service, no notice, and no authority to issue the deed as the statute expressly provides that *no deed shall issue until such proof has been duly filed.*

Tax titles can only be acquired by a strict compliance with the statute. Hodgson v. State Finance Co. 19 N. D. 139, 122 N. W. 336; First Nat. Bank v. Mohall State Bank, 53 N. D. 319, 206 N. W. 411; Cooley, Taxn. 4th ed. § 1567, states the rules as follows:

"Whatever the statute may make provisions for, subsequent to the sale for the protection of the interests of the parties having the right

to redeem must be strictly performed. One of the most usual requirements is a notice to the owner of the time when the right to redeem expires. Every provision of this nature must be strictly complied with. Nothing can be substituted for it."

Section 1571. "Generally a tax deed is void where the statutory notice is not given, or at least voidable. If there has been no notice or if the notice is insufficient, the deed will not cut off the right of redemption and a person may attack the deed without showing title in himself."

Section 1570. "The proof of service must show with reasonable certainty that the requirements of the statute in regard to notice have been complied with. Proof of service is necessary in some states to confer jurisdiction to issue the tax deed." Cain v. Ehrler, 33 S. D. 536, 146 N. W. 694. In this case the court said:

"Notice of the expiration of the right of redemption, . . . was published, but no affidavit signed or verified by the holder of the certificate, his agent or attorney was ever filed with the treasurer. This being the case, no completed service was ever made, and under the last clause, . . . the period of redemption had not expired at the time the treasurer issued the deed; and, therefore he was without jurisdiction to issue the same. . . . Rector & W. Co. v. Maloney, 15 S. D. 271, 88 N. W. 575. So far as their right of redemption was concerned, it was exactly the same after the issuance of the deed as before. Darling v. Purcell, 13 N. D. 288, 100 N. W. 726; Cruser v. Williams, 13 N. D. 284, 100 N. W. 721."

The two North Dakota cases cited are under the law known as the "Woods Law" not the statute involved herein, but the question in both cases arises on the notice of the expiration of the period of redemption and they show the strict construction the court gave such statutes. In the last case the court said:

"The redemption period does not terminate, or the certificate of sale mature, or title pass, until the statutory notice of the expiration of redemption has been given, and proof thereof filed; and the burden of proving such service, and the filing is upon the person asserting title thereunder."

Appellant claims that Juhnke waived the notice by giving a quit

claim deed to the plaintiff December 21, 1927, nearly two years after the execution of the tax deed, that no one else could complain; that the defendant bank was not entitled to notice as it did not file a request for such with the auditor. True, the defendant was not entitled to notice, but it did have a right to redeem and the failure to request a notice of the auditor did not deprive it of that right, it remained intact and could only be taken away by service of the notice in strict compliance with the statute. The statutory notice is necessary to start the limitation of the period of redemption.

In the case of Swan v. Harvey, 117 Iowa, 58, 90 N. W. 489, a judgment creditor attacked a tax deed for failure to give notice to another party who was entitled to notice. Plaintiff's judgment was obtained after the sale but before the execution of the tax deed, and the question was, whether a judgment lienholder had the right to redeem? The court said: "If such a lienholder may redeem before, we do not see why he may not after the issuance of a deed."

In Slyfield v. Barnum, 71 Iowa, 245, 32 N. W. 270, the court said: "Unless the notice has been served on the person in whose name the land is taxed, he is not authorized to execute a deed. The deeds in question, then, were executed without authority. They are not absolutely void, it is true, for they operate to transfer the title to the lands to the grantees. But they did not have the effect to terminate the right of redemption, and the title conveyed by them was subject to be defeated by the exercise of that right, . . . and, as long as a right to redeem the land exists, there is no completed sale. The settled rule is that until there is a completed sale the period of limitation presented by the statute does not begin to run." Wilson v. Russell, 73 Iowa, 395, 35 N. W. 492; Hillyer v. Farneman, 65 Iowa, 227, 21 N. W. 578; Cornoy v. Wetmore, 92 Iowa, 100, 60 N. W. 245; Shelley v. Smith, 97 Iowa, 259, 66 N. W. 172; Chicago, B. & Q. R. Co. v. Kelley, 105 Iowa, 106, 74 N. W. 935; Bradley v. Brown, 75 Iowa, 180, 39 N. W. 258.

In the case of Caldwell v. Pierson, 37 S. D. 546, 159 N. W. 124, the South Dakota supreme court said: "When the record of the tax sale itself fails affirmatively to show the notice to redeem required by political code, § 2212, amended by Laws 1909, chap. 194, the statutory

presumption of § 2213 that the record is prima facie evidence of the facts therein recited is ipso facto overcome." See also Bradshaw v. Brady, 38 S. D. 279, 161 N. W. 195; Morrill v. Douglass, 14 Kan. 293.

The defendant's right to redeem comes through the mortgage executed by Juhnke, the owner of the land, and the mortgagee had a right to expect that Juhnke would pay the taxes, and that if he did not and there was a tax sale, that notice would be served upon Juhnke of the expiration of the period of redemption, and that Juhnke would redeem from such sale. He took his chances on Juhnke's paying the taxes, and on the notice being served, and had it been served, as provided by law, his right to redeem would have been cut off, but as it was not served, a quit claim deed from Juhnke to the plaintiff long after the issuing of the deed cannot be substituted for the service of the statutory notice.

The judgment of the trial court is affirmed with costs.

BIRDZELL, NUESSLE, BURR, and CHRISTIANSON, JJ., concur.